

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J.L.**, *a minor by and through his guardian and next friend*, **S.L.**, c/o STINSON LAW ASSOCIATES, P.C. 17 Weirwood Road P.O. Box 1340 Bryn Mawr, Pennsylvania 19010, <br><br>  Plaintiff, <br><br> vs. <br><br> **PENNSYLVANIA DEPT. OF EDUCATION** 333 Market Street Harrisburg, Pennsylvania 17126, <br><br> **EUGENE W. HICKOK, JR.** Secretary of Education Pennsylvania Department of Education 333 Market Street Harrisburg, Pennsylvania 17126, <br><br> **LAMPETER-STRASBURG SCHOOL DISTRICT** P.O. Box 428 Lampeter, Pennsylvania 17537-0428, <br><br> **DONNA WERT** Teacher Lebanon-Lancaster Intermediate Unit #13 Assigned to Solanco School District 121 South Hess Street Quarryville, Pennsylvania 17566-1225 <br><br> **SOLANCO SCHOOL DISTRICT** 121 South Hess Street Quarryville, Pennsylvania 17566-1225 <br><br> **THOMAS E. BRACKBILL** Principal Solanco School District 121 South Hess Street | 1 : CV 01-0328 <br><br><br> Civil Action <br><br><br> No. 00- <br><br><br> **COMPLAINT** <br><br> FILED HARRISBURG, PA FEB 22 2001 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |


Quarryville, Pennsylvania  17566-1225                  :
                                                       :
**LANCASTER-LEBANON**                                  :
**INTERMEDIATE UNIT 13**                               :
110 Enterprise Road                                    :
East Petersburg, Pennsylvania  17520–1604              :
                                                       :
**HUMAN SERVICES CONSULTANTS**                         :
265 Wyoming Avenue                                     :
Kingston, Pennsylvania  18704-3595                     :
                                                       :
    *and*                                              :
                                                       :
**JANELLE SWEIGART**                                   :
Therapeutic Support Staff                              :
Human Services Consultants                             :
150 Farmington Lane                                    :
Lancaster, Pennsylvania  17601                         :
                                                       :
            *Defendants.*                              :

### Jurisdiction and Venue

1.  This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1331, because this case raised federal questions under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871 as amended, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401, *et seq.*

2.  This Court has supplemental jurisdiction of this case pursuant to 28 U.S.C. §1367, because the state law claims are so related to the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution.

3. Venue is appropriate pursuant to 28 U.S.C. §1391(a), as certain claims herein arose within this judicial district.

4. All Commonwealth and government units have been given notice of this civil action in accordance with 42 Pa.C.S.A. §5522.

### The Parties

5. Plaintiff, J.L., currently age 9, a resident of the Lampeter-Strasburg School District, and attended Solanco School District, is an exceptional student diagnosed with a multiple emotional and psychiatric disorders and is entitled to receive special education and related services pursuant to the IDEA and Section 504.

6. Defendant Pennsylvania Department of Education is the state educational agency ("SEA") responsible for delivering special education and related services provided with IDEA Part B funding pursuant to 20 U.S.C. §1400, *et seq.*, within the Commonwealth of Pennsylvania and is a recipient of federal funds pursuant to Section 504.

7. Defendant Eugene W. Hickok, Jr., is the Secretary of Education in the Commonwealth of Pennsylvania and, as such, is the chief executive governmental officer in the Pennsylvania Department of Education ("PDE"). Secretary Hickok is being sued in his official capacity.

8. Defendant Lampeter-Strasburg School District ("LSSD") is a local governmental agency pursuant to the provisions of the Pennsylvania School Code of 1949, 24 P.S. §21-2101, *et seq.* Lampeter-Strasburg School District is the district that J.L. resides in and is the local educational agency ("LEA") responsible for implementing J.L.'s Individualized

3

Education Plan ("IEP") pursuant to the IDEA and 22 Pa. Code §14.01, et seq. and is the recipient of federal funds pursuant to Section 504.

9. Donna Wert is a teacher employed by the Lancaster-Lebanon Intermediate Unit #13 at Solanco School District. Ms. Wert is being sued both personally and in her official capacity.

10. Defendant Solanco School District is a local governmental agency pursuant to the provisions of the Pennsylvania School Code of 1949, 24 P.S. §21-2101, *et seq*. Solanco School District is the district that J.L. attends and is the local educational agency ("LEA") responsible for implementing J.L.'s Individualized Education Plan ("IEP") pursuant to the IDEA and 22 Pa. Code §14.01, et seq. And is a recipient of federal funds pursuant to Section 504.

11. Defendant Lancaster-Lebanon Intermediate Unit # 13 is a regional educational agency ("REA"), and has contracted with the LEA to provide services to J.L. and is a recipient of federal funds pursuant to Section 504.

12. Defendant Thomas E. Brackbill is a Principal at Solanco School District. Mr. Brackbill is the chief administrator of the elementary school that J.L. attended. Mr. Brackbill is being sued in both his official capacity and personally.

13. Defendant Dr. Michael S. Clemens is the Executive Director of the Lancaster-Lebanon Intermediate Unit # 13, and as such is the chief executive governmental officer of the school district. Executive Director Clemens is being sued in his official capacity.

14. Human Services Consultants is a private corporation, located in Pennsylvania, which provides mental health human resource services in Solanco School District and is

4

the recipient of federal funds pursuant to Section 504.

15. Janelle Sweigart is an employee of Human Services Consultants, who provided mental health services in Solanco School District. Ms. Sweigart is being sued both personally and in her official capacity.

### The Facts

16. Plaintiff, J.L., was receiving educational support services for *inter alia*, previously diagnosed post traumatic stress disorder, bipolar disorder, schizophrenia and Oppositional defiant disorder through LSSD, Solanco School District and Lancaster-Lebanon Intermediate Unit #13 and their subcontractor Human Services Consultants.

17. Many of J.L..'s previously diagnosed conditions stemmed from severe abuse from his father which included, *inter alia,* locking the child in a pantry closet for days at a time and duct taping J.L. to chairs.

18. On or about September 7th, 2000, the defendants were providing services to J.L. at Providence Elementary School, in Solanco School District.

19. On or about September 7th, 2000, J.L. did not put his book bag away after his teacher, Donna Wert, instructed him to do so.

20. Janelle Sweigart is a therapeutic aid assigned to provide support to another student in Ms. Wert's class. Ms. Sweigart is not assigned to provide any services to J.L. and has no authority to reprimand or physically touch J.L.

21. When J.L. failed to follow Donna Wert's instructions, Ms. Wert, with Janelle Sweigart, physically removed J.L. to the back of the classroom. Both Wert and Sweigart then forced the child onto the floor, with his stomach facing down, while they pinned his

arms behind his back.

22. After Donna Wert was called from the room for reasons unknown, Janelle Sweigart maintained the child in the forced position, face down with his arms pinned.

23. While J.L. was alone with Janelle Sweigart and the student teacher, he attempted to get up from the floor. While doing so, Janelle Sweigart forced the child back onto the ground by pushing him down with her hand on the back of J.L.'s neck. The force of Janelle Sweigart's push drove the child's face into the floor.

24. After Janelle Sweigart released J.L. from this position, J.L. realized that his face was bleeding and bruised and reacted by calling Janelle Sweigart an "asshole."

25. In retaliation for being called an "asshole," Janelle Sweigart pinned J.L.'s face to a desk in the principals office. The Principal, Thomas E. Brackbill, did not intervene after witnessing Janelle Sweigart pinning the child to the Principal's desk.

26. Later in the school day, after class resumed, the child again became defiant and Donna Wert and Janelle Sweigart again physically removed J.L. to the back of the room and again forced the child to the floor, restrained him face down, and pinned his arms.

27. During the period of time that Janelle Sweigart physically restrained and injured J.L., the child asked to call his mother and then later asked to call the police. Janelle Sweigart responded by denying him the right to call his mother. Janelle Sweigart then told J.L. that her uncle was a police officer and she would not get in trouble for her actions. Janelle Sweigart then told J.L. that she used to work in a correctional facility called Barnes Hall and that was where J.L. belonged.

### First Cause of Action
### Failure to provide a free appropriate public education
### Violations of the Individuals with Disabilities Education Act
### 20 U.S.C. §1400, *et seq.*
### (J.L. v. PDE, Solanco School District, Lancaster-Lebanon Intermediate Unit #13, and LSSD)

28. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

29. Exhaustion of administrative remedies pursuant to 20 U.S.C. §1415 and 34 C.F.R. §300.511 is inappropriate, because the plaintiff seeks an award of monetary damages only. As such, this claim is ripe for adjudication by this Court.

30. At all times relevant hereto, defendants failed to offer a free appropriate public education ("FAPE") and injured the child. As such, defendants breached their duty to J.L.

31. Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs pursuant to 20 U.S.C. §1415(i)(3).

### Second Cause of Action
### Violations of Section 504, Rehabilitation Act of 1973
### 29 U.S.C. §794
### (J.L. v. PDE, Solanco School District, Lancaster-Lebanon Intermediate Unit #13, Human Services Consultants and LSSD)

32. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

33. Defendants are recipients of federal financial assistance from the United States Department of Education.

34. Plaintiff is a qualified disabled and handicapped individual as defined by 34

7

C.F.R. §104.3.

35. Defendants discriminated against plaintiff in violation of 29 U.S.C. §794 and 34 C.F.R. §104.4.

36. Defendants failed to provide a free appropriate public education for plaintiff in violation of 34 C.F.R. §104.33 - §104.37 and also failed to provide the child with reasonable accommodations in consideration of his disability.

37. Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs 29 U.S.C. §794.

### Third Cause of Action
### Violations of Americans with Disabilities Act
### 42 U.S.C. §12101, et seq.
### (J.L. v. PDE, LSSD, Solanco School District and Lancaster-Lebanon Intermediate Unit #13)

38. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

39. Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. §12102(2).

40. Defendants are public entities as defined by 42 U.S.C. §12131.

41. Defendants discriminated against plaintiff by reason of his disability, and denied the plaintiff the benefits of the services, programs, and activities of the defendant public agencies pursuant to 12132.

42. Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs pursuant to 42 U.S.C. §12205 and 28 C.F.R. §36.505.

8

### Fourth Cause of Action
**Violations of Americans with Disabilities Act**
**42 U.S.C. §12101, et seq.**
**(J.L. v. Human Services Consultants)**

43.  Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

44.  Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. §12102(2).

45.  Human Services Consultants is a private entity and public accommodation provider as defined by 42 U.S.C. §12181.

46.  Defendant discriminated against plaintiff by reason of his disability, and denied the plaintiff the benefits of the services, programs, and activities of the defendant pursuant to 42 U.S.C. §12182.

47.  Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs pursuant to 42 U.S.C. §12205 and 28 C.F.R. §36.505.

### Fifth Cause of Action
**Civil Rights Act of 1871, as amended**
**42 U.S.C. §1983**
**(J.L. v. PDE, Hickok, LSSD, Wert, Solanco S.D., Brackbill, Lancaster-Lebanon I.U. # 13, Human Services Consultants and Sweigart )**

48.  Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

49.  Defendants are "persons" as defined by 42 U.S.C. §1983.

50.  Defendants are each state actors pursuant to 42 U.S.C. §1983 and acted under the color of state law, regulations, policies, and procedures to deprive plaintiff of is rights

under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401, *et seq.*

51. Acting under the color of law, by and through a policy, custom, or practice, defendants intentionally, knowingly, recklessly, or with deliberate indifference to the rights of plaintiff, failed to instruct, train, supervise, and control, on a continuing basis, crisis intervention procedures for seriously emotionally disturbed student, thus depriving plaintiff of his constitutional and statutory rights, privileges, and immunities.

52. Acting under the color of law, by and through a policy, custom, or practice, defendants intentionally, knowingly, recklessly, or with deliberate indifference to the rights of plaintiff, entitled to a FAPE pursuant to the IDEA have failed to implement the IDEA as documented in the Compliance Monitoring Report of the Office of Special Education Programs at the United States Department of Education.

53. Defendants had knowledge of or, had it diligently exercised its duties to instruct, train, supervise, and control on a continuing basis, should have had knowledge that the wrongs were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendants had the power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the plaintiff, failed or refused to do so.

54. Defendants' conduct demonstrates a reckless and callous attitude toward the federally protected rights of the plaintiff child as enumerated herein.

55. Plaintiff has been injured by defendants' actions and inactions.

56. The claim under § 1983 against the state actors is for injunctive relief only.

57. Plaintiff is entitled to a recovery of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### Sixth Cause of Action
### False Imprisonment
### (J.L. v. Wert, Sweigart, Brackbill, and Human Services Consultants)

58. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

59. Defendants detained plaintiff against plaintiff's will without privilege or consent directly and through vicarious liability.

### Seventh Cause of Action
### Battery
### (J.L. v. Wert, Sweigart, and Human Services Consultants)

60. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

61. Defendants harmfully and offensively touched the plaintiff without privilege and without consent.

### Eighth Cause of Action
### Negligence
### (J.L. v. Brackbill, Wert, Sweigart and Solanco S.D.)

62. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

63. Defendants had a duty to protect plaintiff student. Defendants breached their duty which proximately and actually cause harm to plaintiff.

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests the following relief:

    a. an award of damages against each of the defendants, in an amount to be determined at trial;

    b. injunctive relief requiring immediate implementation of crisis intervention procedures;

    c. an award of attorneys' fees and costs, in an amount to be determined by the court; and,

    d. any such other legal and equitable relief as the Court may deem just and proper.

## Jury Demand

Plaintiff hereby respectfully requests a trial by jury on all appropriate claims herein.

Respectfully Submitted,

**STINSON LAW ASSOCIATES, P.C.**

By: _____
Philip Matthew Stinson, Sr.
Drew Christian

Stinson Law Associates, P.C.
17 Weirwood Road
P.O. Box 1340
Bryn Mawr, Pennsylvania 19010
(610) 688-7300

*Attorneys for Plaintiff*