**ORIGINAL**

LAW OFFICES OF RALPH F. TOUCH
By: Edward J. Cermanski, Esquire
Attorney I.D. No. 56278
401 Penn Street, Suite 100
Reading, PA 19601
Tel. 610-320-4663   Fax 610-320-4767

Attorney for Defendants, Human Services Consultants
and Janelle Sweigart

FILED
HARRISBURG
JUL 11 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.L., a minor by and through his guardian and next friend, S.L. | ) | CIVIL DIVISION |
| Plaintiff | ) | NO. 1:CV 01-0328 |
| v. | ) | |
| Pennsylvania Department of Education; Eugene W. Hickock, Jr.; Lampeter-Strasburg School District; Donna Wert; Solanco School District; Thomas E. Brackbill; Lancaster-Lebanon Intermediate Unit 13; Human Services Consultants; and Janelle Sweigart | ) | |
| Defendants | ) | |

**ANSWER OF DEFENDANTS, HUMAN SERVICES CONSULTANTS
AND JANELLE SWEIGART, TO PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE
DEFENSES AND NEW MATTER CROSSCLAIMS AGAINST ALL DEFENDANTS**

2

AND NOW, comes the Defendants, Human Services Consultants and Janelle Sweigart, by and through their attorney, Edward J. Cermanski, Esquire, and answers the Plaintiffs' Complaint as follows:

1-3. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure.

4-5. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

6-13. Denied. The allegations contained in the corresponding paragraph pertain to a Defendant or Defendants other than Answering Defendants.

14. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

15. Admitted that Janelle Sweigart is an employee of Human Services Consultants. The remaining averments are denied Denied.

16-17. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a

3

belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

18. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

19. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

20-27. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are denied.

### *FIRST CAUSE OF ACTION*

28. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 27 above as though more fully set forth hereinafter.

29-31. Denied. The allegations contained in the corresponding paragraph pertain to a Defendant other than Answering Defendant.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

## *SECOND CAUSE OF ACTION*

32. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 31 above as though more fully set forth hereinafter.

33-34. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

35-37. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

## *THIRD CAUSE OF ACTION*

38. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 37 above as though more fully set forth hereinafter.

39. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a

belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

40-42. Denied. The allegations contained in the corresponding paragraph pertain to a Defendant other than Answering Defendant.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

### *FOURTH CAUSE OF ACTION*

43. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 42 above as though more fully set forth hereinafter.

44-45. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

46-47. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

## *FIFTH CAUSE OF ACTION*

48. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 47 above as though more fully set forth hereinafter.

49-54. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

55. Denied. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

56-57. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

## *SIXTH CAUSE OF ACTION*

58. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 57 above as though more fully set forth hereinafter.

59. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

## *SEVENTH CAUSE OF ACTION*

60. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 59 above as though more fully set forth hereinafter.

61. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

### EIGHTH CAUSE OF ACTION

62. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 61 above as though more fully set forth hereinafter.

63. Denied. To the extent the allegations of the corresponding paragraph constitute legal conclusions, the same are deemed to be denied without further response pursuant to the applicable Pennsylvania Rules of Civil Procedure. To the extent the allegations of the corresponding paragraph constitute factual averments, the same are deemed to be denied due to the fact that after a reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of such allegation. Proof of same is hereby demanded at the time of trial.

WHEREFORE, Answering Defendants demand judgment be entered in their favor and against Plaintiffs, and thus prays that Plaintiffs' Complaint be dismissed with prejudice.

### FIRST AFFIRMATIVE DEFENSE

The accident in question was caused by Plaintiffs' own negligence and carelessness. Plaintiffs' cause of action is therefore barred or limited by the terms and provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. Sec. 7102.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred by operation of the doctrine of res judicata.

9

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred by operation of the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred by operation of the doctrine of illegality of purpose or criminal intent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendants were not negligent.

### SEVENTH AFFIRMATIVE DEFENSE

Any acts or omissions of Answering Defendants alleged to constitute negligence were not substantial causes or factors of the subject incident and/or did not result in the injuries and/or losses alleged by Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

The incident and/or damages described in Plaintiffs' Complaint were caused, or contributed to by, the Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

The negligent acts or omissions of other individuals and/or entities may have constituted intervening superseding causes of the damages and/or injuries alleged to have been sustained by minor Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

The incident, injuries and/or damages alleged to have been sustained by the minor Plaintiff were not proximately caused by the Answering Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly mitigate their damages.

### TWELFTH AFFIRMATIVE DEFENSE

In the event that it is established that the Plaintiffs sustained any injuries or damages as alleged, said injuries and/or damages were caused by the acts or omissions of other persons or parties and Answering Defendants assert that there is not liability on their part.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were pre-existing and/or were not caused by the accident alleged in Plaintiffs' Complaint.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

Any recovery against the Answering Defendants are barred by the Mental Health Procedures Act.

### *SIXTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' Claims are barred in whole or in part by statutory immunity.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred in whole or in part by immunity provided under the caselaw of the Commonwealth of Pennsylvania, or other jurisdiction.

### **EIGHTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants were at all times reasonable, proper and acted in good faith and without malice and did not deprive the minor plaintiff of any rights secured by law or Constitution.

### *NINETEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' Complaint fails to state a cause of actioin against the Answering Defendants by virtue of the immunities provided under Mental Health Procedures Act, 55 Pa. C.S.A. § 7101, et seq.

### *TWENTIETH AFFIRMATIVE DEFENSE*

At all times relevant, Answering Defendants acted in accordance with the applicable state and federal law.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred due to the statutory immunity provided in the Federal Tort Claims Act, U.S.C. § 1346, et seq.

### *NEW MATTER CROSSCLAIMS*

**Human Services Consultants and Janelle Sweigart v.
Pennsylvania Department of Education**

64. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 63 above as though more fully set forth hereinafter.

65. If the Plaintiff sustained any damages as alleged in their Complaint, then they were caused by the negligence, carelessness, recklessness and/or unlawfulness of Co-Defendant, Pennsylvania Department of Education.

66. If Answering Defendants are found liable to Plaintiff, any such liability being strictly denied, then Co-Defendant, Pennsylvania Department of Education is solely liable to Plaintiff, jointly and/or severally liable or liable over to Answering Defendant by way of contribution and/or full indemnity in all claims made by Plaintiff.

WHEREFORE, should Judgment be entered against Answering Defendants, liability for which is strictly denied, Answering Defendants demand Judgment be further entered against Co-Defendant, Pennsylvania Department of Education, by way of contribution and/or full indemnity.

**NEW MATTER CROSSCLAIMS
Human Services Consultants and Janelle Sweigart v.
Eugene W. Hickock, Jr.**

67. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 66 above

13

as though more fully set forth hereinafter.

68. If the Plaintiff sustained any damages as alleged in their Complaint, then they were caused by the negligence, carelessness, recklessness and/or unlawfulness of Co-Defendant, Eugene W. Hickock, Jr..

69. If Answering Defendants are found liable to Plaintiff, any such liability being strictly denied, then Co-Defendant, Eugene W. Hickock, Jr. is solely liable to Plaintiff, jointly and/or severally liable or liable over to Answering Defendant by way of contribution and/or full indemnity in all claims made by Plaintiff.

WHEREFORE, should Judgment be entered against Answering Defendants, liability for which is strictly denied, Answering Defendants demand Judgment be further entered against Co-Defendant, Eugene W. Hickock, Jr., by way of contribution and/or full indemnity.

### NEW MATTER CROSSCLAIMS
### Human Services Consultants and Janelle Sweigart v.
### Lampeter-Strasburg School District

70   Answering Defendants hereby incorporate by reference prior paragraphs 1 through 69 above as though more fully set forth hereinafter.

71. If the Plaintiff sustained any damages as alleged in their Complaint, then they were caused by the negligence, carelessness, recklessness and/or unlawfulness of Co-Defendant, Lampeter-Strasburg School District.

72. If Answering Defendants are found liable to Plaintiff, any such liability being strictly denied, then Co-Defendant, Lampeter-Strasburg School District is solely liable to Plaintiff, jointly and/or severally liable or liable over to Answering Defendant by way of contribution and/or full indemnity in all claims made by Plaintiff.

WHEREFORE, should Judgment be entered against Answering Defendants, liability for which is strictly denied, Answering Defendants demand Judgment be further entered against Co-Defendant, Lampeter-Strasburg School District, by way of contribution and/or full indemnity.

### NEW MATTER CROSSCLAIMS
### Human Services Consultants and Janelle Sweigart v.
### Donna Wert

73. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 72 above as though more fully set forth hereinafter.

74. If the Plaintiff sustained any damages as alleged in their Complaint, then they were caused by the negligence, carelessness, recklessness and/or unlawfulness of Co-Defendant, Donna Wert.

75. If Answering Defendants are found liable to Plaintiff, any such liability being strictly denied, then Co-Defendant, Donna Wert is solely liable to Plaintiff, jointly and/or severally liable or liable over to Answering Defendant by way of contribution and/or full indemnity in all claims made by Plaintiff.

WHEREFORE, should Judgment be entered against Answering Defendants, liability for which is strictly denied, Answering Defendants demand Judgment be further entered against Co-Defendant, Donna Wert, by way of contribution and/or full indemnity.

### NEW MATTER CROSSCLAIMS
### Human Services Consultants and Janelle Sweigart v.
### Solanco School District

76. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 75 above as though more fully set forth hereinafter.

77. If the Plaintiff sustained any damages as alleged in their Complaint, then they were caused by the negligence, carelessness, recklessness and/or unlawfulness of Co-Defendant, Solanco School District.

15

78. If Answering Defendants are found liable to Plaintiff, any such liability being strictly denied, then Co-Defendant, Solanco School District is solely liable to Plaintiff, jointly and/or severally liable or liable over to Answering Defendant by way of contribution and/or full indemnity in all claims made by Plaintiff.

WHEREFORE, should Judgment be entered against Answering Defendants, liability for which is strictly denied, Answering Defendants demand Judgment be further entered against Co-Defendant, Solanco School District, by way of contribution and/or full indemnity.

### NEW MATTER CROSSCLAIMS
### Human Services Consultants and Janelle Sweigart v.
### Thomas E. Brackbill

79. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 78 above as though more fully set forth hereinafter.

80. If the Plaintiff sustained any damages as alleged in their Complaint, then they were caused by the negligence, carelessness, recklessness and/or unlawfulness of Co-Defendant, Thomas E. Brackbill.

81. If Answering Defendants are found liable to Plaintiff, any such liability being strictly denied, then Co-Defendant, Thomas E. Brackbill is solely liable to Plaintiff, jointly and/or severally liable or liable over to Answering Defendant by way of contribution and/or full indemnity in all claims made by Plaintiff.

WHEREFORE, should Judgment be entered against Answering Defendants, liability for which is strictly denied, Answering Defendants demand Judgment be further entered against Co-Defendant, Thomas E. Brackbill, by way of contribution and/or full indemnity.

## NEW MATTER CROSSCLAIMS
## Human Services Consultants and Janelle Sweigart v.
## Lancaster-Lebanon Intermediate Unit 13

82. Answering Defendants hereby incorporate by reference prior paragraphs 1 through 81 above as though more fully set forth hereinafter.

83. If the Plaintiff sustained any damages as alleged in their Complaint, then they were caused by the negligence, carelessness, recklessness and/or unlawfulness of Co-Defendant, Lancaster-Lebanon Intermediate Unit 13.

84. If Answering Defendants are found liable to Plaintiff, any such liability being strictly denied, then Co-Defendant, Lancaster-Lebanon Intermediate Unit 13 is solely liable to Plaintiff, jointly and/or severally liable or liable over to Answering Defendant by way of contribution and/or full indemnity in all claims made by Plaintiff.

WHEREFORE, should Judgment be entered against Answering Defendants, liability for which is strictly denied, Answering Defendants demand Judgment be further entered against Co-Defendant, Lancaster-Lebanon Intermediate Unit 13, by way of contribution and/or full indemnity.

Respectfully submitted,

LAW OFFICES OF RALPH F. TOUCH

Edward J. Cermanski, Esquire
Attorney for Defendants
Human Services Consultants and
Janelle Sweigart

## CERTIFICATION OF SERVICE

I hereby certify that I have served a copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIMS upon all parties, their attorneys or representatives, and all other relevant organizations, in the manner(s) set forth below:

By <u>first-class mail, postage prepaid</u>:

| | |
|---|---|
| Philip Matthew Stinson, Esquire<br>Drew Christian, Esquire<br>Stinson Law Associates P.C.<br>17 Weirwood Road, P O Box 1340<br>Bryn Mawr, PA 19010 | Donna Wert<br>Lebanon-Lancaster Intermediate Unit #13<br>c/o Solanco School District<br>121 South Hess Street<br>Quarryville, PA 17566 |
| Pennsylvania Department of Education<br>333 Market Street<br>Harrisburg, PA 17126 | Solanco School District<br>121 South Hess Street<br>Quarryville, PA 17566 |
| Eugene W. Hickock, Jr.<br>Secretary of Education<br>Pennsylvania Department of Education<br>333 Market Street<br>Harrisburg, PA 17126 | Thomas E. Brackbill, Principal<br>Solanco School District<br>121 South Hess Street<br>Quarryville, PA 17566 |
| Lampeter-Strasburg School District<br>P O Box 428<br>Lampeter, PA 17537 | Lancaster Lebanon Intermediate Unit #13<br>110 Enterprise Road<br>East Petersburg, PA 17520 |

Dated: July 10, 2001

_____
Edward J. Cermanski
Attorney for Defendants,
Human Services Consultants and Janelle Sweigart

101300049/ Cermanski

*LAW OFFICES OF RALPH F. TOUCH*
By:  Edward J. Cermanski, Esquire
Attorney I.D. No. 56278
401 Penn Street, Suite 100                               Attorney for Defendants, Human Services
Reading, PA  19601                                          Consultants and and Janelle Sweigart
Tel. 610-320-4663   Fax 610-320-4767

---

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.L., a minor by and through his guardian and next friend, S.L.<br>          Plaintiff<br><br>v.<br><br>Pennsylvania Department of Education; Eugene W. Hickock, Jr.; Lampeter-Strasburg School District; Donna Wert; Solanco School District; Thomas E. Brackbill; Lancaster-Lebanon Intermediate Unit 13; Human Services Consultants; and Janelle Sweigart<br>          Defendants | CIVIL DIVISION<br><br>NO. 1:CV 01-0328<br><br>Assigned to *J. Stone* |

## NOTICE TO PLEAD

**To all parties:**

You are hereby notified to file a written response to the enclosed Affirmative Defenses and Crossclaims within twenty (20) days from service hereof or a judgment may be entered against you.

Respectfully submitted,

LAW OFFICES OF RALPH F. TOUCH

_____
Edward J. Cermanski, Esquire
Attorney for Defendants, Human Services Consultants and Janelle Sweigart