IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.L., a minor by and through his
guardian and next friend, S.L.

:  **ORIGINAL**

v.

:  No.: CV-01-328

PENNSYLVANIA DEPARTMENT OF
EDUCATION; EUGENE W. HICKOK,
JR., LAMPETER-STRASBURG SCHOOL
DISTRICT; DONNA WERT; SOLANCO
SCHOOL DISTRICT; THOMAS E.
BRACKBILL; LANCASTER-LEBANON
INTERMEDIATE UNIT 13; HUMAN
SERVICES CONSULTANTS; and
JANELLE SWEIGART

:  FILED
SCRANTON

JUL 1 3 2001

PER _____
DEPUTY CLERK

## ANSWER OF LANCASTER-LEBANON INTERMEDIATE UNIT NO. 13 AND DONNA WERT

1. The allegations contained in Paragraph 1 are inaccurate conclusions of law and are deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraph 1 are specifically denied.

2. The allegations contained in Paragraph 2 are inaccurate conclusions of law and are deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraph 2 are specifically denied.

3. Denied. Venue is improper under 28 U.S.C. §1391(a) as no claims

00211823.1

have arisen within the Middle District of Pennsylvania.

4.  Admitted in part and denied in part.  It is admitted that the Lancaster-Lebanon Intermediate Unit 13 (IU 13) received notice of the intent of the Plaintiffs to file suit.  The content of the notice, is specifically denied for the reasons set forth in this Answer.

5.  Denied.  Plaintiff J.L. was a resident of the Lampeter-Strasburg School District and received special education services from IU 13.

6.  Admitted.

7.  Admitted.

8.  The allegations contained in Paragraph 8 are inaccurate conclusions of law and are therefore deemed to be denied.

9.  Defendant Donna Wert is a professional employee employed by the IU 13.  The balance of the allegations contained in Paragraph 9 are denied.

10.  Denied.

11.  Admitted.

12.  Denied.  Thomas Brackbill is a principal employed by the Solanco School District.

13.  Denied.  Dr. Michael S. Clemens, who is not a party to the instant action

and who has not been served with a Complaint, is the Executive Director of the Lincoln Intermediate Unit No. 12.

14. Denied. Human Services Consultants provide educational resource services for the IU 13.

15. Denied. Janelle Sweigart was an employee of Human Services Consultants.

16. Denied. Plaintiff J.L. received educational services for his disabilities through the Lampeter-Strasburg School District and IU 13.

17. After reasonable investigation, the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17. Therefore, specific proof, if relevant, is demanded at trial.

18. Denied. On September 7, 2000, IU 13 and its employees, provided educational services to Plaintiff J.L. in a classroom located in the Providence Elementary School of the Solanco School District.

19. Denied. On September 7, 2000, J.L. became disruptive in the classroom and refused to follow the instructions of Donna Wert, the professional employee assigned to the IU 13 classroom attended by Plaintiff J.L.

26. Denied for the reasons set forth above.

27. Denied. At no time in the presence of Defendant Donna Wert did Plaintiff J.L. request to call his mother or request to call the police. After reasonable investigation, the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 27. Therefore, specific proof, if relevant, is demanded at trial.

## FIRST CAUSE OF ACTION

28.- 31. The allegations contained in Paragraphs 28 through 31 are inaccurate conclusions of law and are therefore deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraphs 28 through 31 are specifically denied.

## SECOND CAUSE OF ACTION

32. - 37. The allegations contained in Paragraphs 32 through 37 are inaccurate conclusions of law and are therefore deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraphs 32 through 37 are specifically denied.

00211823.1                                          5

## THIRD CAUSE OF ACTION

38. - 42.   The allegations contained in Paragraphs 38 through 42 are inaccurate conclusions of law and are therefore deemed to be denied.  To the extent that an answer is required, the allegations contained in Paragraphs 38 through 42 are specifically denied.

## FOURTH CAUSE OF ACTION

43. - 47.   The allegations contained in Paragraphs 43 through 47 are not directed to the answering Defendants and require no response.

## FIFTH CAUSE OF ACTION

48. - 57.   The allegations contained in Paragraphs 48 through 57 are inaccurate conclusions of law and are therefore deemed to be denied.  To the extent that an answer is required, the allegations contained in Paragraphs 48 through 57 are specifically denied.

## SIXTH CAUSE OF ACTION

58. - 59.   The allegations contained in Paragraphs 58 and 59 are inaccurate conclusions of law and are therefore deemed to be denied.  To the extend that an answer is required, the allegations contained in Paragraphs 58 and 59 are specifically denied.

00211823.1                                              6