IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.L., a minor by and through his guardian and next friend, S.L. | **ORIGINAL** |
| v. | No.: CV-01-328 |
| PENNSYLVANIA DEPARTMENT OF EDUCATION; EUGENE W. HICKOK, JR., LAMPETER-STRASBURG SCHOOL DISTRICT; DONNA WERT; SOLANCO SCHOOL DISTRICT; THOMAS E. BRACKBILL; LANCASTER-LEBANON INTERMEDIATE UNIT 13; HUMAN SERVICES CONSULTANTS; and JANELLE SWEIGART | FILED SCRANTON JUL 1 3 2001 PER_____ DEPUTY CLERK |

## ANSWER OF LAMPETER-STRASBURG SCHOOL DISTRICT

1. The allegations contained in Paragraph 1 are inaccurate conclusions of law and are deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraph 1 are specifically denied.

2. The allegations contained in Paragraph 2 are inaccurate conclusions of law and are deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraph 2 are specifically denied.

3. Denied. Venue is improper under 28 U.S.C. §1391(a) as no claims have

00211848.1

arisen within the Middle District of Pennsylvania.

4. Admitted in part and denied in part. It is admitted that the Lancaster-Lebanon Intermediate Unit 13 (IU 13) has received notice of the intent of the Plaintiffs to file suit. The content of the notice, is specifically denied for the reasons set forth in this Answer.

5. Denied. Plaintiff J.L. was a resident of the Lampeter-Strasburg School District and received special education services from IU 13.

6. Admitted.

7. Admitted.

8. The allegations contained in Paragraph 8 are inaccurate conclusions of law and are therefore deemed to be denied.

9. Defendant Donna Wert is a professional employee employed by the IU 13. The balance of the allegations contained in Paragraph 9 are denied.

10. Denied.

11. Admitted.

12. Denied. Thomas Brackbill is a principal employed by the Solanco School District.

13. Denied. Dr. Michael S. Clemens, who is not a party to the instant action

and who has not been served with a Complaint, is the Executive Director of the Lincoln Intermediate Unit No. 12.

14. Denied. Human Services Consultants provide educational resource services for IU 13.

15. Denied. Janelle Sweigart was an employee of Human Services Consultants.

16. Denied. Plaintiff J.L. received educational services for his disabilities through the Lampeter-Strasburg School District and IU 13.

17. After reasonable investigation, the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17. Therefore, specific proof, if relevant, is demanded at trial.

18. Denied. On September 7, 2000, IU 13, and its employees, provided educational services to Plaintiff J.L. at a classroom located in the Providence Elementary School of the Solanco School District

19. Denied. On September 7, 2000, J.L. became disruptive in the classroom and refused to follow the instructions of Donna Wert, the professional employee assigned to the IU 13 classroom attended by Plaintiff J.L.

20. Denied as stated. Janelle Sweigart was a theraputic support staff person assigned to another student attending the class conducted by IU 13.

21. Denied. On September 7, 2000, Plaintiff J.L. refused to follow the instructions of the teacher and became disruptive. As a result of his disruption, Plaintiff J.L. was restrained.

22. Denied. After Plaintiff was restrained as a result of his disruptive behavior, Defendant Donna Wert left the room to accompany another student to a class. Plaintiff J.L. again became disruptive and was again restrained by Ms. Sweigart and another employee of IU 13.

23. Denied. As a result of his disruptive behavior, Plaintiff J.L. was restrained while lying on the floor.

24. Denied. As a result of the incident above, Plaintiff J.L. had a brush burn on his right cheek. Subsequently, Plaintiff J.L. reported to Defendant Donna Wert that, during a recess, a fellow student kicked him in the face causing an injury to his face.

25. Denied. When Plaintiff continued his disruptive behavior, he was taken to the solitary room and held in passive restraint. Plaintiff J.L. either kicked or attempted to kick Defendant Donna Wert and Defendant Janelle Sweigart.

26. Denied for the reasons set forth above.

27. Denied. At no time in the presence of Defendant Donna Wert did Plaintiff J.L. request to call his mother or request to call the police. After reasonable investigation, the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 27. Therefore, specific proof, if relevant, is demanded at trial.

## FIRST CAUSE OF ACTION

28.- 31. The allegations contained in Paragraphs 28 through 31 are inaccurate conclusions of law and are therefore deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraphs 28 through 31 are specifically denied.

## SECOND CAUSE OF ACTION

32. - 37. The allegations contained in Paragraphs 32 through 37 are inaccurate conclusions of law and are therefore deemed to be denied. To the extent that an answer is required, the allegations contained in Paragraphs 32 through 37 are specifically denied.

## THIRD CAUSE OF ACTION

38. - 42.  The allegations contained in Paragraphs 38 through 42 are inaccurate conclusions of law and are therefore deemed to be denied.  To the extent that an answer is required, the allegations contained in Paragraphs 38 through 42 are specifically denied.

## FOURTH CAUSE OF ACTION

43. - 47.  The allegations contained in Paragraphs 43 through 47 are not directed to the answering Defendants and require no response.

## FIFTH CAUSE OF ACTION

48. - 57.  The allegations contained in Paragraphs 48 through 57 are inaccurate conclusions of law and are therefore deemed to be denied.  To the extent that an answer is required, the allegations contained in Paragraphs 48 through 57 are specifically denied.

## SIXTH CAUSE OF ACTION

58. - 59.  The allegations contained in Paragraphs 58 and 59 are inaccurate conclusions of law and are therefore deemed to be denied.  To the extend that an answer is required, the allegations contained in Paragraphs 58 and 59 are specifically denied.

## SEVENTH CAUSE OF ACTION

60. - 61. The allegations contained in Paragraphs 60 and 61 are inaccurate conclusions of law and are therefore deemed to be denied. To the extend that an answer is required, the allegations contained in Paragraphs 60 and 61 are specifically denied.

## EIGHTH CAUSE OF ACTION

62. - 63. The allegations contained in Paragraphs 62 and 63 are inaccurate conclusions of law and are therefore deemed to be denied. To the extend that an answer is required, the allegations contained in Paragraphs 62 and 63 are specifically denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which the requested relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims for relief pursuant to Individuals With Disabilities Education Act, the Rehabilitation Act of 1973, the Americans With Disabilities Act and the Civil Rights Act of 1871 are barred as a result of the Plaintiffs' failure to pursue and exhaust the available administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' causes of action pursuant to the Individuals With Education Act, and the Rehabilitation Act of 1973 are barred by the doctrines of estoppel, and res judicata and waiver.

### FOURTH AFFIRMATIVE DEFENSE

The actions of the Lancaster-Lebanon Intermediate Unit No. 13 and its employee Donna Wert were reasonable and prudent under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

The Lancaster-Lebanon Intermediate Unit No. 13 and Donna Wert are entitled to immunity and/or qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

During the afternoon of September 8, 2000, Plaintiff J.L. reported to Donna Wert that, during a recess, he had been kicked in the face by another student. Consequently, the Plaintiff's injuries, if any, were caused by the actions of third parties and were not the result of the incident described in Plaintiffs' Complaint.

WHEREFORE, Defendants Lancaster-Lebanon Intermediate Unit No. 13 and Donna Wert demand judgment in their favor and against the Plaintiffs.

HARTMAN UNDERHILL & BRUBAKER LLP

By: _____
Robert M. Frankhouser, Jr.
Attorney I.D. #29998
Attorneys for Lampeter-Strasburg
    School District

Date: July 11, 2001

221 East Chestnut Street
Lancaster, PA 17602
(717) 299-7254