

ORIGINAL

⑩

Amo
8|10|01

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.L., a minor by and through his          :
guardian and next friend,                 :
S.L.,                                      :
c/o Stinson Law Associates, P.C.          :
P.O. Box 1340                             :
Bryn Mawr, Pennsylvania 19010-7340,       :

        Plaintiffs,                :
                                           :
        vs.                        :
                                           :
PENNSYLVANIA DEPARTMENT OF                 :
EDUCATION; EUGENE W. HICKOK,               :
JR., Secretary of Education, Pennsylvania  :
Department of Education; LAMPETER-         :
STRASBURG SCHOOL DISTRICT;                 :
DONNA WERT, Teacher, Lebanon-              :
Lancaster Intermediate Unit #13, Assigned  :
to Solanco School District; SOLANCO        :
SCHOOL DISTRICT; THOMAS E.                 :
BRACKBILL, Principal, Solanco School       :
District; LANCASTER-LEBANON                :
INTERMEDIATE UNIT #13; HUMAN               :
SERVICES CONSULTANTS INC;                  :
JANELLE SWEIGART, Therapeutic              :
Support Staff, Human Services              :
Consultants,                               :
                                           :
        Defendants.                :

CIVIL ACTION

NO.  01-CV-328

(Judge Kane)

FILED
SCRANTON

AUG 1 0 2001

PER _____
DEPUTY CLERK

## DEFENDANTS, SOLANCO SCHOOL DISTRICT AND THOMAS E. BRACKBILL'S
## ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, come the Defendants, Solanco School District and Thomas E. Brackbill, by

and through their attorneys, Sweet, Stevens, Tucker & Katz LLP and the Buzgon Davis Law

Offices, to present the following Answer to Plaintiffs' Complaint together with Affirmative

Defenses.

1.      Denied.  It is denied that this Court has original jurisdiction of this case.  To the contrary,

Plaintiff seeks recovery under the Individuals with Disabilities Education Act, 20 U.S.C.

§1400, *et seq.* (the "IDEA").  Before a plaintiff seeking to recover under the IDEA can

file suit in federal court, he or she must first secure an administrative special education

due process hearing and exhaust the opportunity for administrative appeal.  Federal

Courts are without jurisdiction of IDEA cases before plaintiffs exhaust the administrative

process.

2.      Denied.  It is denied that this Court has original jurisdiction or supplemental jurisdiction

over the claims in Plaintiff's Complaint.

3.      Denied.  It is denied that this venue is appropriate in this Court.  To the contrary, all

claims contained herein arose with the venue of the United States District Court for the

Eastern District of Pennsylvania.

4.      Admitted in part, denied in part.  It is admitted that the correspondence dated February

15, 2001 was carbon-copied to the Solanco School District and Thomas E. Brackbill.

The remaining allegations in paragraph 4 of the Complaint are denied.

5.      Admitted in part, denied in part.  It is admitted that Plaintiff, J.L. is 9 and was a resident

of the Lampeter-Strassburg School District.  The remaining allegations in paragraph 5 of

the Complaint are denied.

6.      Admitted.

7.      Admitted.  By way of clarification, Eugene W. Hickock, Jr., is the former Secretary of

Education in the Commonwealth of Pennsylvania.

8.      Admitted.

9.    Admitted in part, denied in part.  It is admitted that Donna Wert is employed by the Lancaster Lebanon Intermediate Unit #13.  The remaining allegations of paragraph 9 of the Complaint are denied.

10.   Admitted in part, denied in part.  It is admitted that Solanco School District is a local governmental agency subject to the provisions of the Pennsylvania Public School Code. The remaining allegations of paragraph 10 of the Complaint are denied.

11.   Admitted in part, denied in part.  It is admitted that the Intermediate Unit #13 is a regional education agency and contracted with the Lampeter-Strasburg School District to provide services to J.L.  The remaining allegations of paragraph 11 of the Complaint are denied.  It is denied that the Intermediate Unit #13 contracted with the Solanco School District to provide services for J.L. because J.L. is not a resident of the Solanco School District and the Solanco School District is not the Local Education Agency, in accordance with the IDEA, responsible to provide an education to J.L.

12.   Admitted in part, denied in part.  It is admitted that Thomas E. Brackbill is a professional employee, employed as a Principal by the Solanco School District.  The remaining allegations in paragraph 12 of the Complaint are denied.

13.   Denied.

14.   Denied.  It is denied that Human Services Consultants provided services to the Solanco School District.  All remaining allegations in paragraph 14 of the Complaint are also denied.

15.   Denied.

16.   Denied.

17.   Denied.



18.     Denied.  To the contrary, on September 7, 2000, the Intermediate Unit #13 provided

educational services to Plaintiff, J.L., at a classroom located at the Providence

Elementary School in the Solanco School District.

19-24. Denied.

25.     Denied.  The Principal, Thomas E. Brackbill, was not in the building at the time in

question.

26.     Denied.

27.     Denied.

## FIRST CAUSE OF ACTION

28-31. Denied.

## SECOND CAUSE OF ACTION

32-37. Denied.

## THIRD CAUSE OF ACTION

38-42. Denied.

## FOURTH CAUSE OF ACTION

43-47. Denied.

## FIFTH CAUSE OF ACTION

48-57. Denied.

## SIXTH CAUSE OF ACTION

58-59. Denied.

## SEVENTH CAUSE OF ACTION

60-61. Denied.

## EIGHTH CAUSE OF ACTION

62-63. Denied.  The Solanco School District and Thomas E. Brackbill are absolutely immune from claims of negligence pursuant to the Political Subdivision Tort Claims Act.

**WHEREFORE**, the Solanco School District and Thomas E. Brackbill, respectfully request that the Plaintiff's Complaint dismissed and this Court grant all other relief to which the Defendants may be entitled.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court does not have jurisdiction over this case.

### Second Affirmative Defense

This proceeding is not properly venued in the Federal District Court for the Middle District of Pennsylvania.

### Third Affirmative Defense

The School District and Thomas E. Brackbill are immune from liability for Plaintiff's state law tort claims pursuant to the Political Subdivision Tort Claims Act.

### Fourth Affirmative Defense

Thomas E. Brackbill is entitled to qualified immunity accorded to public employees.

### Fifth Affirmative Defense

The Plaintiff, J.L., is not a qualified individual with a disability.

### Sixth Affirmative Defense

The Solanco School District is not the Local Educational Agency responsible for providing an education to Plaintiff, J.L.

5

**Seventh Affirmative Defense**

Plaintiff has failed to exhaust administrative remedies available pursuant to the Individuals with Disabilities Education Act.

**Eighth Affirmative Defense**

To the extent that Plaintiff's Complaint fails to state claims upon which relief can be granted against the Defendant those claims should be dismissed.

**Ninth Affirmative Defense**

The Plaintiff was offered and provided a free appropriate public education at all times.

**Tenth Affirmative Defense**

Plaintiff failed to timely notify the District of any objection or disagreement with the IEP.

**Eleventh Affirmative Defense**

Plaintiff has failed and refused to mitigate damages.

**Twelfth Affirmative Defense**

To the extent that Plaintiff has failed to state a cause of action against the Defendant upon which relief can be granted, he cannot claim "prevailing party" status under the "IDEA," and the Attorney's fee request should be stricken.

**Thirteenth Affirmative Defense**

Plaintiff has failed to state a claim upon which compensatory damages, compensatory education and/or tuition reimbursement may be awarded.

**Fourteenth Affirmative Defense**

The Plaintiff was never excluded from participation in free appropriate public education or denied the benefits of free appropriate public education.

6

## Fifteenth Affirmative Defense

Plaintiff's causes of action should be dismissed to the extent that they are barred by laches, waiver or the applicable statute of limitations.

## Sixteenth Affirmative Defense

The Plaintiff was provided the opportunity to receive meaningful educational benefit.

## RESERVATION OF DEFENSES

The District shall rely upon such further affirmative defenses that may become apparent during the course of discovery and therefore specifically reserves the right to amend this Answer with Affirmative Defenses to assert the same.

Respectfully submitted,

BUZGON DAVIS LAW OFFICES

By:_____
Timothy J. Huber , Esquire
Attorney I.D. No. 47231
525 South 8th Street
P.O. Box 49
Lebanon, Pennsylvania  17042
717-274-1421
Attorneys for Solanco School District
      and Thomas E. BrackBill

SWEET, STEVENS, TUCKER & KATZ LLP

By:_____
Jason R. Wiley, Esquire
Attorney I.D. No. 79874
331 Butler Avenue, P.O. Box 5069
New Britain, Pennsylvania 18901
215-345-9111
Attorneys for Solanco School
      District and Thomas E. Brackbill

7

## VERIFICATION

I, Jason R. Wiley, Esquire, attorney for Defendants, Solanco School District and Thomas E. Brackbill, hereby verify that the facts set forth in the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses are true and correct to the best of my knowledge, information and belief and understand that any false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

SWEET, SWEET, TUCKER & KATZ LLP

Date: August 6, 2001       By: _____

Jason R. Wiley, Esquire
Attorney I.D. #79874

Attorney for Defendants,
Solanco School District and
Thomas E. Brackbill

8

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.L., a minor by and through his guardian and next friend, S.L., c/o Stinson Law Associates, P.C. P.O. Box 1340 Bryn Mawr, Pennsylvania 19010-7340, | : : : : : : : | CIVIL ACTION<br><br>NO.  01-CV-328<br><br>(Judge Kane) |

Plaintiffs,

      vs.

PENNSYLVANIA DEPARTMENT OF EDUCATION; EUGENE W. HICKOK, JR., Secretary of Education, Pennsylvania Department of Education; LAMPETER-STRASBURG SCHOOL DISTRICT; DONNA WERT, Teacher, Lebanon-Lancaster Intermediate Unit #13, Assigned to Solanco School District; SOLANCO SCHOOL DISTRICT; THOMAS E. BRACKBILL, Principal, Solanco School District; LANCASTER-LEBANON INTERMEDIATE UNIT #13; HUMAN SERVICES CONSULTANTS INC; JANELLE SWEIGART, Therapeutic Support Staff, Human Services Consultants,

      Defendants.

## CERTIFICATE OF SERVICE

I, Timothy J. Huber, Esquire, counsel for Defendants, Solanco School District and Thomas E. Brackbill, hereby certify that a true and correct copy of the foregoing Answer to Plaintiffs' Complaint with Affirmative Defenses was mailed to the following counsel at the following address, via U.S. Mail, on this date:

9

Philip M. Stinson, Sr., Esquire
Stinson Law Associates
17 Weirwood Road
PO Box 1340
Bryn Mawr, Pennsylvania  19010-7340

Robert M. Frankhouser, Jr.
Hartman, Underhill & Brubaker LLP
221 East Chestnut Street
Lancaster, Pennsylvania  17602-2782

**BUZGON DAVIS LAW OFFICES**

Date: _August 8, 2001_       By: _____
Timothy J. Huber, Esquire
Attorney I.D. No. 47231
525 South 8th Street
P.O. Box 49
Lebanon, Pennsylvania  17042
717-274-1421
Attorneys for Solanco School District
and Thomas E. BrackBill