# ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.L., a minor by and through his guardian          :          CIVIL ACTION
and next friend, S.L.                              :
c/o Stinson Law Associates, P.C.                   :          NO. 01-CV-328
P.O. Box 1340                                      :          (Judge Kane)
Bryn Mawr, Pennsylvania 19010-7340,                :

       Plaintiffs,                            :

       vs.                                    :

PENNSYLVANIA DEPARTMENT OF                          :
EDUCATION; EUGENE W. HICKOK,                        :
JR., Secretary of Education, Pennsylvania          :
Department of Education; LAMPETER-                  :
STRASBURG SCHOOL DISTRICT;                          :
DONNA WERT, Teacher, Lebanon-                       :
Lancaster Intermediate Unit #13, Assigned          :
to Solanco School District; SOLANCO                 :
SCHOOL DISTRICT; THOMAS E.                          :
BRACKBILL, Principal, Solanco School               :
District; LANCASTER-LEBANON                         :
INTERMEDIATE UNIT #13; HUMAN                        :
SERVICES CONSULTANTS INC;                           :
JANELLE SWEIGART, Therapeutic                       :
Support Staff, Human Services                       :
Consultants,                                        :

       Defendants.                            :

**FILED**
**HARRISBURG**

NOV 1 6 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## DEFENDANT, SOLANCO SCHOOL DISTRICT AND THOMAS E.
## BRACKBILL'S CASE MANAGEMENT PLAN

1.0    Principal issues by plaintiff

    1.10    Separately for each party, please give a statement summarizing this case:

        By plaintiffs:

        By defendants:  Plaintiffs, Jay Lefever and his mother, S. Lefever, filed a
Complaint asserting claims for violation of the following federal statutes: the Individuals
with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act (29

U.S.C. § 794), the Americans with Disabilities Act ("ADA"), and the Civil Rights Act (42 U.S.C. § 1983). The Complaint also sets forth the following state law claims: false imprisonment and negligence.

Plaintiffs' claims stem from an incident that allegedly occurred on September 7, 2000. On that day, Jay was attending his emotional support class in the Providence Elementary School. Plaintiffs allege that Donna Wert and Janelle Sweigart pinned Jay to the floor with his arms behind his back and that his face became bruised and started to bleed. The Plaintiffs further claim that the School Principal witnessed the incident and failed to intervene.

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

1.11   On September 7, 2000, Plaintiff, J.L. was physically removed to the back of the classroom by Donna Wert and Janelle Sweigart after he would not follow Ms. Wert's instructions to put away his book bag.

1.12   Both Ms. Wert and Ms. Sweigart forced J.L. onto the floor, with his stomach facing down, while they pinned his arms behind his back.

1.13   After Ms. Wert was called from the classroom for reasons unknown, Ms. Sweigart maintained J.L. in the forced position.

1.14   While attempting to get up from the floor, J.L. was pushed down by Ms. Sweigart thereby causing his face to bruise and bleed.

1.15   In retaliation for using profanity, Ms. Sweigart pinned J.L.'s face to a desk in the principal's office.

1.16   The Principal, Thomas Brackbill, did not intervene after witnessing Ms. Sweigart pinning J.L.'s face to the desk.

1.17   Later that day, J.L. became defiant and was physically removed by Ms. Wert and Ms. Sweigart to the back of the classroom and forced to the floor, face down, with his arms pinned.

1.18   While being pinned to the floor, J.L. asked permission to call his mother and later, the police. Ms. Sweigart responded by denying his request to make those phone calls.

The principal <u>factual</u> issues that the parties agree upon are:

1.20   Plaintiff, J.L., is nine years old and was a resident of the Lampeter-Strassburg School District.

1.21   Defendant, Thomas E. Brackbill is employed as a Principal by the Solanco School District.

1.22   Defendant, Donna Wert is employed by the Lancaster Lebanon I.U. No. 13.

1.23   Solanco School District is a local governmental agency subject to the provisions of the Pennsylvania Public School Code.

1.24    On September 7, 2000, the Intermediate Unit No. 13 provided educational services to Plaintiff, J.L., at a classroom located at the Providence Elementary School in the Solanco School District.

1.25    The class attended by J.L. was operated entirely by the I.U.

1.26    J.L. does not reside within the Solanco School District

1.27    The Solanco School District is not responsible for J.L.'s education.

1.28    Ms. Wert and Ms. Sweigart are not employed by the Solanco School District.

The principal *legal* issues that the parties *dispute* are:

1.31    Defendants failed to offer a free appropriate public education and injured J.L.

1.32    Defendants discriminated against J.L. and failed to provide him with reasonable accommodations in consideration of his disability.

1.33    Defendants detained J.L. against his will without privilege or consent directly and through vicarious liability.

*agree* upon are:

1.40

1.41

1.42

1.50    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: This case may be improperly venued in the Middle District.

1.60    Identify any named parties that have not yet been served:

1.70    Identify any additional parties that:

plaintiffs intend to join:

defendants intend to join:  None

1.80    Identify any additional claims that

plaintiffs intend to add:

defendant intends to add:  None

2.0    Alternative Dispute Resolution ("ADR")

2.10    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR Procedure:  Not applicable

Date ADR to be commenced: N/A
Date ADR to be completed:  N/A

2.20   If the parties have been unable to agree upon an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: Not applicable

2.30   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:  The parties share the view that this case could not be resolved through ADR because significant issues of law are involved which require familiarity with legal precedent.

3.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying either to the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73(c) or alternatively upon consent of all parties, to a judge of the district court under 28 U.S.C. §636(c)(4) and Fed.R.Civ.P. 73(d):

All parties agree to jurisdiction by a magistrate judge of this court:  ___ yes  X  no

**4.0   Disclosures**

4.100   Separately for each party, list by name and title/position each person whose identity has been disclosed.

4.101   Disclosed by Plaintiffs:

| Name | Title/Position |
|------|----------------|
| 4.102 | |
| 4.103 | |
| 4.104 | |
| 4.105 | |

4.151   Disclosed by Defendant:

| | Name | Title/Position |
|------|------|----------------|
| 4.152 | Thomas E. Brackbill | Principal, Solanco School District |
| 4.153 | Monica Miller | Secretary |
| 4.154 | Darlene Rescler | Health Room Aide |
| 4.155 | | |

4

4.200  Separately for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

     4.201  Categories of documents disclosed by plaintiff(s):
     4.202
     4.203
     4.204
     4.205
     4.251  Categories of documents disclosed by defendant(s):
     4.252  Affidavit of Thomas E. Brackbill
     4.253  Special Education contract
     4.254  Computer records of Nursing Station
     4.255

4.300  *Additional Document Disclosures*:  Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

     4.301  Additional categories of documents plaintiff(s) will disclose:
           4.302
           4.303
           4.304

     4.351  Additional categories of documents defendant(s) will disclose:

           4.352
           4.353

4.400  Separately for each party who claims an entitlement to damages or an offset, set forth the computation of damages or of the offset:

     4.401  plaintiff's calculation of damages:
     4.402  defendant's calculation of offset:  N/A

     4.403  counterclaimant/third party claimant's calculation of damages:  N/A

## 5.0  Motions

Identify any motion(s) whose early resolution would *likely* have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Summary Judgment | Defendants | |

**6.0 Discovery**

6.100   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

By defendant(s):  None

6.200   Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):  N/A

6.300   Describe any *discovery* that one or more parties want(s) to conduct but *to which another party objects*, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:  N/A

6.400   Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation:  N/A

6.500   For each of the following discovery tools, *recommend the per-party or per-side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):  N/A

600.501   depositions (excluding experts) to be taken by:

plaintiff(s):        defendant(s):  2-3

600.502   interrogatories to be served by:

plaintiff(s):        defendant(s): 2 Sets of Interrogatories of Defendants, Solanco School District & Brackbill

600.503   document production requests to be served by:

plaintiff(s):        defendant(s): N/A

600.504   requests for admission to be served by:

plaintiff(s):          defendant(s): N/A

6.600   All discovery commenced in time to be completed by: N/A

6.700   Reports from retained experts due:

from plaintiff(s) by

from defendant(s) by N/A

6.800   Supplementations due N/A

## 7.0  Protective Order

7.1     If the entry of a protective order is sought, attach to this statement a copy of the proposed order. N/A

7.2     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: N/A

## 8.0  Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

For Plaintiffs:

For Defendants, Solanco School District and Thomas E. Brackbill:

Board of School Directors, Solanco School District
121 South Hess Street
Quarryville, PA  17566-1200
(717) 786-8401

## 9.0  Scheduling

9.1     This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the complaint

__X__ 365 Days from the filing of the complaint

_____ Days from the filing of the complaint

7

9.2     Suggested Date for Trial:  June 2002

9.3     Suggested Date for the final Pretrial Conference:  May 2002

9.3     Final date for joining additional parties:  N/A

_____ Plaintiff(s)

_____ Defendant(s)

9.4     Final date for amending pleadings:  N/A

_____ Plaintiff(s)

_____ Defendant(s)

9.5     All potentially dispositive motions should be filed by:  May 31, 2002

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that
may be useful or necessary to the efficient and just resolution of the dispute.

**11.0  Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party.

Philip M. Stinson, Sr.
Stinson Law Associates, P.C.
17 Weirwood Road, P.O. Box 1340
Bryn Mawr, Pennsylvania  19010-7340
*Attorney for Plaintiffs*

Robert M. Frankhouser, Jr.
Hartman, Underhill & Brubaker
221 East Chestnut Street
Lancaster, PA  17602-2782
*Attorney for Defendants, Lancaster-*
*Lebanon I.U. No. 13 & Donna Wert*

Jason R. Wiley
SWEET, STEVENS, TUCKER & KATZ, LLP
331 Butler Avenue, P.O. Box 5069
New Britain, Pennsylvania 18901
*Attorneys for Defendants, Solanco School District and Thomas E. Brackbill*

Timothy J. Huber
BUZGON DAVIS
525 South 8th Street, P.O. Box 49
Lebanon, Pennsylvania 17042

Edward J. Cermanski
Law Offices of Ralph F. Touch
401 Penn Street, Suite 100
Reading, PA  19601
*Attorney for Defendants, Human Services Consultants, Inc.*
*and Janelle Sweigart*

Dated: November 15, 2001

_____
Attorney for Plaintiff(s)


_____
Jason R. Wiley
Attorney for Defendants

_____
Timothy J. Huber
Attorney for Defendants


_____
Robert M. Frankhouser, Jr.
Attorney for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.L., a minor by and through his guardian and next friend, S.L., c/o Stinson Law Associates, P.C. P.O. Box 1340 Bryn Mawr, Pennsylvania 19010-7340, | : : : : : : : | CIVIL ACTION NO. 01-CV-328 (Judge Kane) |
| Plaintiffs, | : : | |
| vs. | : : : | |
| PENNSYLVANIA DEPARTMENT OF EDUCATION; EUGENE W. HICKOK, JR., Secretary of Education, Pennsylvania Department of Education; LAMPETER-STRASBURG SCHOOL DISTRICT; DONNA WERT, Teacher, Lebanon-Lancaster Intermediate Unit #13, Assigned to Solanco School District; SOLANCO SCHOOL DISTRICT; THOMAS E. BRACKBILL, Principal, Solanco School District; LANCASTER-LEBANON INTERMEDIATE UNIT #13; HUMAN SERVICES CONSULTANTS INC; JANELLE SWEIGART, Therapeutic Support Staff, Human Services Consultants, | : : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Ellis H. Katz, Esquire, counsel for the Solanco School District and Thomas E. Brackbill, hereby certify that a true and correct copy of the foregoing Case Management Plan was mailed to the following counsel at the following address, via facsimile on this date:

Philip M. Stinson, Sr., Esquire
Stinson Law Associates
17 Weirwood Road
Bryn Mawr, PA 19010-7340

Robert M. Frankhouser, Jr.
Hartman, Underhill & Brubaker LLP
221 East Chestnut Street
Lancaster, Pennsylvania  17602-2782

Edward J. Cermanski
401 Penn Street, Suite 100
Reading, PA  19601

SWEET, STEVENS, TUCKER & KATZ LLP

Date: November 15, 2001          By: _____

Ellis H. Katz, Esquire
331 Butler Avenue, P.O. Box 5069
New Britain, PA  18901
(215) 345-9111
Attorneys for Defendants,
Solanco School District and
    Thomas E. Brackbill