IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.L.**, *a minor by and through his guardian and next friend,* **S.L.**, | : | |
| *Plaintiff,* | : | |
| vs. | : | Civil Action |
| **LAMPETER- STRASBURG SCHOOL DISTRICT, DONNA WERT, SOLANCO SCHOOL DISTRICT, THOMAS E. BRACKBILL, LANCASTER-LEBANON INTERMEDIATE UNIT 13, HUMAN SERVICES CONSULTANTS,** *and* **JANELLE SWEIGART,** | : | No. 1:CV 01-0328 |
| *Defendants.* | : | |

### PLAINTIFF'S MOTION TO DISQUALIFY SWEET, STEVENS, TUCKER & KATZ, LLP AS COUNSEL FOR DEFENDANTS SOLANCO SCHOOL DISTRICT & THOMAS E. BRACKBILL

Now comes Plaintiff, by and through undersigned counsel, Stinson Law Associates, P.C., and moves this Court to disqualify counsel for defendants Solanco School District and Thomas E. Brackbill pursuant to the provisions of Rule 1.10 of the Pennsylvania Rules of Responsibility, and in support thereof, avers:

1. Drew Christian, Esq., is listed as co-counsel of record for the plaintiff.

2. Mr. Christian conducted the pre-filing investigation and drafted the Complaint for the plaintiff.

3. On or about May 15, 2001, Mr. Christian left the employ of Stinson Law Associates, P.C.

4.  Mr. Christian did not transition the file and did not execute nor file a withdrawal of appearance form with the Clerk of Court when he left the employ of Stinson Law Associates, P.C.

5.  Upon information and belief, Mr. Christian is now employed as an attorney at the law firm of Sweet Stevens Tucker & Katz, LLP.

6.  Jason Wiley, Esq., of Sweet Stevens Tucker & Katz, LLP, is counsel of record for defendants Solanco School District and Thomas E. Brackbill, together with Thomas J. Huber, Esq., of the law firm of Buzgon Davis, P.C.

7.  The representation of defendants Solanco School District and Thomas E. Brackbill is the same matter in which Mr. Christian previously represented the plaintiff (and is still listed as counsel of record with the Clerk of Court).

8.  During the course of his representation as plaintiff's co-counsel, Mr. Christian acquired information protected by Rules 1.6 and 1.9(b) of the Pennsylvania Rules of Professional Responsibility that is material to the case at Bar.

9.  The partners of Sweet Stevens Tucker & Katz, LLP, have refused to meet with undersigned counsel and have refused to enter into any written agreement to ensure that Mr. Christian is screened from participation in the matter, and, further, the law does not provide for the building of a "Chinese Wall" to insulate Mr. Christian and his new law firm from disqualification in this matter.

10. Mr. Christian and Sweet Stevens Tucker & Katz, LLP, have failed to provide adequate written notice to enable plaintiff to ascertain compliance with the provisions of Rule 1.10 of the Pennsylvania Rules of Professional Responsibility. To the contrary, Charles

Sweet, Esq., of Sweet Stevens Tucker & Katz, LLP, told undersigned counsel that it was the responsibility of Stinson Law Associates, P.C., to inform Sweet Stevens Tucker & Katz, LLP, of any cases whereby Stinson was concerned about confidential information in the possession of Mr. Christian.

11. Upon information and belief, the interests of defendants Solanco School District and Thomas E. Brackbill will not be prejudiced by the disqualification of Sweet Stevens Tucker & Katz, LLP, from representation in this matter, as both defendants are also represented by another lawyer at another law firm in this matter: Timothy J. Huber, Esq., of Buzgon Davis, P.C.

12. Plaintiff is prejudiced by the continued representation of defendants Solanco School District and Thomas E. Brackbill by Jason Wiley, Esq., at Sweet Stevens Tucker & Katz, LLP, because a lawyer at Sweet Stevens – Drew Christian, Esq. – is co-counsel of record for plaintiff and was formerly an associate at Stinson Law Associates, P.C.; conducted all of the pre-filing investigation and fact-finding in this case; drafted the Complaint; and, in the course thereof, acquired information protected by Rules 1.6 and 1.9(b) of the Pennsylvania Rules of Professional Responsibility that is material to the case at Bar.

13. Plaintiff has not waived the conflict of interest caused by Mr. Christian.

14. Plaintiff is entitled to reasonable attorney's fees from the law firm of Sweet Stevens Tucker & Katz, LLP, pursuant to 20 U.S.C. §1415(i)(3), 29 U.S.C. §794, 42 U.S.C. §1988, and 42 U.S.C. §12205.

WHEREFORE, plaintiff respectfully moves this Court to disqualify Jason Wiley, Esq., and the law firm of Sweet Stevens Tucker & Katz, LLP, from representation of any defendant in this case, as well as an Order requiring the law firm of Sweet Stevens Tucker & Katz, LLP, to pay the reasonable attorney's fees of plaintiff relating to this Motion.

Respectfully submitted,

STINSON LAW ASSOCIATES, P.C.

By: _____
Philip Matthew Stinson, Sr.
University Technology Park
1450 Edgmont Avenue, Suite 200
Chester, Pennsylvania 19013-3920
Telephone: (610) 499-9280
Fax: (610) 499-9282

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.L., *a minor by and through his guardian and next friend*, S.L.,

    *Plaintiff,*

vs.

LAMPETER- STRASBURG SCHOOL DISTRICT, DONNA WERT, SOLANCO SCHOOL DISTRICT, THOMAS E. BRACKBILL, LANCASTER-LEBANON INTERMEDIATE UNIT 13, HUMAN SERVICES CONSULTANTS, *and* JANELLE SWEIGART,

    *Defendants.*

Civil Action

No. 1:CV 01-0328

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY SWEET, STEVENS, TUCKER & KATZ, LLP AS COUNSEL FOR DEFENDANTS SOLANCO SCHOOL DISTRICT & THOMAS E. BRACKBILL

### Introduction

The Plaintiff's Motion to Disqualify the law firm of Sweet Stevens Tucker & Katz, LLP, as counsel for the defendants Solanco School District and Thomas E. Brackbill is filed because the lawyer – Drew Christian, Esq. – who is co-counsel of record for the plaintiff through his former employment as an associate at Stinson Law Associates, P.C., who conducted the pre-filing fact-finding investigation, and who drafted the Complaint, is now employed as an associate at the law firm of Sweet Stevens Tucker & Katz, LLP.

### Standard for a Motion to Disqualify

Federal courts have the inherent power to supervise the conduct of attorneys practicing before them. *See* In re Cord Derivatives Antitrust Litig., 748 F.2d 157, 160 (3$^d$ Cir. 1984). Counsel may be disqualified if the Court determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule, given the ends that the disciplinary rule is designed to serve. United States v. Miller, 624 F.2d 1198, 1201 (3rd Cir. 1980).

In determining whether disqualification is appropriate, the Court must also consider countervailing policies, such as permitting a litigant to retain his chosen counsel and enabling attorneys to practice without excessive restrictions. *Id.* The party seeking disqualification bears the burden of showing that the representation is impermissible. In re Rite Aid Corp. Sec. Litig., 139 F. Supp. 2d 649, 656 (E.D. Pa. 2001). Any doubts regarding the existence of a violation of an ethical rule should be construed in favor of disqualification. *See* International Bus. Mach. Corp. v. Levin, 579 F.2d 271, 283 (3$^d$ Cir. 1978); In re Rite Aid Corp., 139 F. Supp. 2d at 656; Reading Anthracite Co. v. Lehigh Coal & Navig. Co., 771 F. Supp. 113, 115 (E.D. Pa. 1991).

### Argument

I. **The law firm of Sweet Stevens Tucker & Katz, LLP, must be disqualified pursuant to Rule 1.10 of the Pennsylvania Rules of Professional Responsibility because they have a conflict pursuant to Rule 1.9.**

An analysis of a potential violation of Rule 1.9(a) focuses on whether the prior and present matters are substantially related, whether the clients have material adverse interests, and

Page 2

whether the clients consent after consultation. *See* United States v. Moscony, 927 F.2d 742, 749 (3d Cir. 1991); James v. Teleflex, Inc., 1999 WL 98559, at *3 (E.D. Pa. February 24, 1999). In determining the presence of a "substantial relationship," a court should consider the following three factors: (1) the nature of the present lawsuit against the former client; (2) the nature and scope of the prior representation at issue; and (3) whether in the course of the prior representation, the client might have disclosed to its attorney confidences which could be relevant or possibly detrimental to the former client in the present action. *See* Brennan v. Independence Blue Cross, 949 F. Supp. 305, 308 (E.D. Pa. 1996); Henry v. Delaware River Joint Toll Bridge Commission, 2001 WL 1003224 (E.D. Pa. August 24, 2001).

In this action, Mr. Christian's law firm represents two defendants in the same action that Mr. Christian previously represented the plaintiff. Mr Christian conducted the pre-filing fact-finding investigation and drafted the Complaint. Clearly, as the lead attorney responsible for preparing the case for filing in Federal Court, Mr. Christian might be in possession of client confidences of the plaintiff which could be relevant or possibly detrimental to the plaintiff.

II. **Drew Christian, Esq., and the law firm of Sweet Stevens Tucker & Katz, LLP, cannot escape the conflict of interest and violation of the Pennsylvania Rules of Professional Responsibility by erecting a "Chinese Wall" at their law firm.**

Charles Sweet, Esq. and Jane Williams, Esq., of Sweet Stevens Tucker & Katz, LLP, have told undersigned counsel that they are invoking a screening procedure to ensure that the confidences of clients of Stinson Law Associates, P.C., are not breached by Drew Christian, Esq., a former associate at Stinson Law Associates, and now an associate at Sweet Stevens, but

Page 3

have refused and otherwise declined to explain the precise screening procedures invoked at Sweet Stevens, suggesting that it is "not Stinson's business." Such screening measures have been referred to by many courts as a "Chinese Wall." *See* Note, "The Chinese Wall Defense to Law Firm Disqualification," 128 U. Penn. L. Rev. 677 (1980). The majority of courts have ordered disqualification of law firms after addressing the issue of "Chinese Walls" in the factual context despite screening efforts. *E.g.*, Schiessle v. Stephens, 717 F.2d 417 (7th Cir. 1983), Cheng v. GAF Corp., 631 F.2d 1052 (2d Cir. 1980); INA Underwriters Ins. Co. v. Nalibotsky, 594 F. Supp. 1199 (E.D. Pa. 1984); Maritrans GP, Inc. v. Pepper Hamilton & Scheetz, 529 Pa. 241, 602 A.2d 1277 (Pa. 1992) (Flaherty, dissenting) ("The so-called 'Chinese Wall' defense is fraught with problems and, I strongly believe, should be scrutinized closely by the courts.")

## Conclusion

For the reasons stated herein and in the Motion to Disqualify Sweet Stevens Tucker & Katz, LLP, plaintiff moves this Court to disqualify Jason Wiley, Esq., and the law firm of Sweet Stevens Tucker & Katz, LLP as counsel for any defendant in this case, and to award reasonable attorney's fees.

Respectfully submitted,

**STINSON LAW ASSOCIATES, P.C.**

By: _____
Philip Matthew Stinson, Sr.
University Technology Park
1450 Edgmont Avenue, Suite 200
Chester, Pennsylvania 19013-3920
Telephone: (610) 499-9280
Fax: (610) 499-9282

*Attorneys for Plaintiff*