*19*

*10/10/01*
*ge*

# ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.L., a minor by and through his guardian
and next friend, S.L.
c/o Stinson Law Associates, P.C.
P.O. Box 1340
Bryn Mawr, Pennsylvania 19010-7340,

        Plaintiffs,

    vs.

PENNSYLVANIA DEPARTMENT OF
EDUCATION; EUGENE W. HICKOK,
JR., Secretary of Education, Pennsylvania
Department of Education; LAMPETER-
STRASBURG SCHOOL DISTRICT;
DONNA WERT, Teacher, Lebanon-
Lancaster Intermediate Unit #13, Assigned
to Solanco School District; SOLANCO
SCHOOL DISTRICT; THOMAS E.
BRACKBILL, Principal, Solanco School
District; LANCASTER-LEBANON
INTERMEDIATE UNIT #13; HUMAN
SERVICES CONSULTANTS INC;
JANELLE SWEIGART, Therapeutic
Support Staff, Human Services
Consultants,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION**

**NO. 01-CV-328**
**(Judge Kane)**

**FILED**
**HARRISBURG**

DEC 0 7 2001

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

## DEFENDANTS, SOLANCO SCHOOL DISTRICT AND THOMAS E. BRACKBILL'S ANSWER TO PLAINTIFF'S MOTION TO DISQUALIFY SWEET, STEVENS, TUCKER & KATZ LLP AS COUNSEL FOR THE DEFENDANTS, SOLANCO SCHOOL DISTRICT AND THOMAS E. BRACKBILL

    AND NOW, come the Defendants, Solanco School District and Thomas E. Brackbill

(hereinafter collectively referred to as the "District") to present the following Answer to

Plaintiff's Motion to Disqualify Sweet, Stevens, Tucker & Katz LLP as Counsel for the Defendants, Solanco School District and Thomas E. Brackbill. [1]

1.　　Admitted in part, denied in part.  It is admitted that the Docket for this case lists Drew Christian, Esquire along with Philip Mathew Stinson, Esquire, as counsel for the Plaintiff. The remaining averments contained in Paragraph 1 of Plaintiff's Motion to Disqualify are denied.  By way of further denial, attorney Stinson is counsel for the Plaintiff and has always been listed as counsel for the Plaintiff; By way of further denial, Drew Christian has filed a Withdraw of Appearance.

2.　　Denied.　After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of Plaintiff's Motion to Disqualify, and therefore, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, the averments contained in Paragraph 2 are denied.

3.　　Denied.　After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of Plaintiff's Motion to Disqualify, and therefore, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, the averments contained in Paragraph 3 are denied.

4.　　Denied.

5.　　Admitted.

6.　　Admitted.  By way of clarification, Jason Wiley has been assigned by the District's errors and omissions carrier to represent the District and Mr. Brackbill's interests pertaining to

---

[1] This Answer and Brief in Opposition to Plaintiff's Motion to Disqualify is filed together with a Motion to Strike Plaintiff's Motion to Disqualify on the grounds that Plaintiff's counsel is not

the IDEA, Section 504, ADA and Section 1983 claims and Tim Huber has been assigned by the District's general liability carrier to represent the District and Mr. Brackbill's interests with respect to the common law tort claims contained in Plaintiff's Complaint.

7.    Denied.    After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of Plaintiff's Motion to Disqualify, and therefore, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, the averments contained in Paragraph 7 are denied.

8.    Denied.    After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of Plaintiff's Motion to Disqualify, and therefore, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, the averments contained in Paragraph 8 are denied.

9.    Denied.

10.    Denied.

11.    Admitted in part, denied in part.  It is admitted that attorney Timothy J. Huber, Esquire represents the Defendants, Solanco School District and Thomas E. Brackbill, pursuant to a general liability policy which covers some, but not all claims contained in Plaintiff's Complaint.  The remaining averments contained in Paragraph 11 of Plaintiffs Motion to Disqualify are denied.

12.    Denied.

13.    Denied.    After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in

admitted to practice in this Court.

Paragraph 13 of Plaintiff's Motion to Disqualify, and therefore, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, the averments contained in Paragraph 13 are denied.

14.    Denied.

**WHEREFORE,** the Defendants, Solanco School District and Thomas E. Brackbill, respectfully request that Plaintiff's Motion to Disqualify Sweet, Stevens, Tucker & Katz LLP as Counsel for the Defendants, Solanco School District and Thomas E. Brackbill be denied and dismissed.

Respectfully submitted,

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: <u>December 6, 2001</u>                By:_____

Jason R. Wiley, Esquire, Atty. I.D. # 79874
331 Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania  18901
(215) 345-9111

Attorneys for Defendants, Solanco School District
and Thomas E. Brackbill

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J.L., a minor by and through his guardian | : | **CIVIL ACTION** |
| and next friend, S.L. | : | |
| c/o Stinson Law Associates, P.C. | : | **NO.  01-CV-328** |
| P.O. Box 1340 | : | **(Judge Kane)** |
| Bryn Mawr, Pennsylvania 19010-7340, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **EDUCATION; EUGENE W. HICKOK,** | : | |
| **JR., Secretary of Education, Pennsylvania** | : | |
| **Department of Education; LAMPETER-** | : | |
| **STRASBURG SCHOOL DISTRICT;** | : | |
| **DONNA WERT, Teacher, Lebanon-** | : | |
| **Lancaster Intermediate Unit #13, Assigned** | : | |
| **to Solanco School District; SOLANCO** | : | |
| **SCHOOL DISTRICT; THOMAS E.** | : | |
| **BRACKBILL, Principal, Solanco School** | : | |
| **District; LANCASTER-LEBANON** | : | |
| **INTERMEDIATE UNIT #13; HUMAN** | : | |
| **SERVICES CONSULTANTS INC;** | : | |
| **JANELLE SWEIGART, Therapeutic** | : | |
| **Support Staff, Human Services** | : | |
| **Consultants,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS, SOLANCO SCHOOL DISTRICT AND**
**THOMAS E. BRACKBILL'S BRIEF IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO DISQUALIFY SWEET. STEVENS, TUCKER & KATZ LLP**
**AS COUNSEL FOR THE DEFENDANTS, SOLANCO SCHOOL DISTRICT**
**AND THOMAS E. BRACKBILL**

**I.      Introduction**

The Plaintiff through his attorney, Phillip M. Stinson, has filed a Motion to Disqualify the

law firm of Sweet, Stevens, Tucker & Katz LLP from representation of the Solanco School

District (hereinafter the "District") and Thomas E. Brackbill on the basis that a former associate of Stinson Law Associates, P.C., Drew Christian, is now an associate at Sweet, Stevens, Tucker & Katz LLP. Plaintiff further avers that Mr. Christian was involved in representing the Plaintiff in this case.

## II.     Factual and Procedural Background

On February 22, 2001, the Plaintiff, J.L. filed a complaint against the Pennsylvania Department of Education, Eugene W. Hickok, Jr., Lampeter-Strasburg School District, Donna Wert, Solanco School District, Thomas E. Brackbill, Lancaster-Lebanon Intermediate Unit 13, Human Services Consultants, and Janelle Sweigart. (See, Docket Entries attached as Exhibit "A"). Plaintiff alleges that various defendants violated the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 ("Section 1983"). (Complaint, First through Fifth Cause of Action). Plaintiff further alleges that various defendants committed the common law torts of false imprisonment, battery, and negligence. (Complaint, Sixth through Eight Cause of Action).

On June 21, 2001, the Summons and Complaint were served upon Lampeter-Strasburg School District, Donna Wert, Lancaster-Lebanon Intermediate Unit 13, Human Services Consultant and Janelle Sweigart. (See, Docket Entry No. 6). It is apparent from the Docket that neither the Summons nor the Complaint has been served upon the Pennsylvania Department of Education, Eugene W. Hickok, Jr., the Solanco School District and Thomas E. Brackbill. (See, Exhibit "A", generally).

Answers have been filed by Defendants, Human Services Consultants, Janelle Sweigart, Lancaster-Lebanon Intermediate Unit No. 13, Donna Wert, Lampeter-Strasburg School District, Solanco School District and Thomas E. Brackbill. (See, Docket Entry Nos. 7, 8, 9, 10 and 11).

On October 20, 2001, the Honorable Judge Kane Ordered a scheduling conference for November 20, 2001. (See, Docket Entry No. 13).

On November 18, 2001, Phillip M. Stinson, Sr., attorney for the Plaintiff, sent a letter to the Honorable Judge Kane indicating that the Plaintiff was not intending to proceed against the Pennsylvania Department of Education and Eugene W. Hickok, Jr. (See, correspondence from Phillip Mathew Stinson, Sr. to the Honorable Yvette Kane, dated November 18, 2001, attached hereto as Exhibit "B").[2] He also indicated that Plaintiff intended to file a Motion to Transfer Venue because this case is properly venued in the U.S. District Court for the Eastern District of Pennsylvania. (See, Exhibit "B"). He indicated that the Plaintiff intended to file a Motion to Disqualify the law firm of Sweet, Stevens, Tucker & Katz LLP from representing the Solanco School District and Thomas E. Brackbill because his former associate, Drew Christian, had recently been hired by Sweet, Stevens, Tucker & Katz LLP. (See, Exhibit "B"). Finally, Mr. Stinson requested that the Case Management Conference be postponed pending the resolution of his proposed Motions. (See, Exhibit "B"). The correspondence from Mr. Stinson was carbon copied to all counsel in this case and it came with Plaintiff's Motion to Disqualify Sweet, Stevens, Tucker & Katz LLP as Counsel for Defendants Solanco School District and Thomas E. Brackbill. (See, Exhibit "C").

---

[2] To the extent that Plaintiff is not proceeding against the Pennsylvania Department of Education and Eugene Hickok, Jr., then the case is not appropriately venued in the Middle District. If Plaintiff formally takes action to dismiss the Pennsylvania Department of Education and Mr. Hickok, the District and Mr. Brackbill reserve the right to challenge venue.

Thereafter, on November 21, 2001, Judge Kane issued an Order canceling the Case Management Conference and ordering Plaintiff to file any motions for change of venue or to disqualify counsel no later than November 23, 2001. (See, Docket Entry No. 16).

Following Judge Kane's Order, counsel for the Solanco School District and Thomas E. Brackbill were served with no additional motions. Upon review of the Docket Entries, it appears that Mr. Stinson did, in fact, file Plaintiff's Motion to Disqualify Sweet, Stevens, Tucker & Katz LLP as Counsel for Defendants Solanco School District and Thomas E. Brackbill on November 20, 2001. (See, Docket Entry No. 15). The Defendants, Solanco School District and Thomas E. Brackbill assume that the Motion to Disqualify that was attached to Mr. Stinson's November 18, 2001 correspondence to Judge Kane is the same Motion that was filed with the Court on November 20, 2001.

Judge Kane's November 21, 2001 Order also provides that the Defendants have until the close of business on Friday, December 7, 2001 to present opposition to Plaintiff's motion. (See, Docket Entry No. 16).

**III.    Argument**

Plaintiff avers that continued representation of the Solanco School District and Thomas E. Brackbill by this law firm, Sweet, Stevens, Tucker & Katz LLP, would violate Rules 1.9 and 1.10 of the Pennsylvania Rules of Professional Responsibility (more accurately referred to as the Pennsylvania Rules of Professional Conduct). (See, Plaintiff's Brief, p. 2). Rule 1.9 discusses conflicts of interest and Rule 1.10 pertains to the concept of imputed disqualification.

Rule 1.9 states,

A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client

unless the former client consents after a full disclosure of the circumstances and consultation; or

(b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known

See, Rule 1.9, Pennsylvania Rules of Professional Conduct. Rule 1.9 is derived from Cannon 9 of the American Bar Association's Code of Professional Responsibility which provides that "A lawyer should avoid even the appearance of impropriety."

Plaintiff avers, in his Motion to Disqualify, "In this action, Mr. Christian's law firm represents two defendants [the District and Thomas Brackbill] in the same action that Mr. Christian previously represented the Plaintiff." (See, Plaintiff's Brief, p. 3). The Plaintiff further states, "Mr. Christian might be in possession of client confidences of the plaintiff which could be relevant or possibly detrimental to the plaintiff." (Id.). The Defendants do not dispute these statements. Therefore, it is conclusively established that Mr. Christian cannot be involved in representation of the District and Mr. Brackbill in this case.

The issue is whether the entire firm of Sweet, Stevens, Tucker & Katz LLP, including lead counsel for the District and Mr. Brackbill, Jason R. Wiley, Esquire, must be disqualified by doctrine of "imputed disqualification" which is set forth in Rule 1.10 of the Pennsylvania Rules of Professional Conduct. Disqualification is a "drastic measure that courts should impose only when absolutely necessary." Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir.1993) (citations omitted). Motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment." Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721- 22 (7th Cir.1982).

Rule 1.10 provides, in relevant part:

    (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2.

    (b) When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer has acquired information protected by Rules 1.6 and 1.9(b) that is material to the matter unless:

        (1) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

        (2) written notice is promptly given to the appropriate client to enable it to ascertain compliance with the provisions of this rule.

See, Rule 1.10, Pennsylvania Rules of Professional Conduct. Rule 1.10 is derived from its counterpart, Rule 5-105(D) in the Disciplinary Rules of the American Bar Association's Code of Professional Responsibility.

Plaintiff indicates that he has been advised that Sweet, Stevens, Tucker & Katz LLP, has invoked a "screening procedure to ensure that the confidences of clients of Stinson Law Associates, P.C., are not breached by Drew Christian." (See, Plaintiff's Brief, p. 3). Plaintiff refers to the screening procedure as a "Chinese Wall" and states, "The majority of courts have ordered disqualification of law forms after addressing the issue of 'Chinese Walls' in the factual context despite screening efforts." (See, Plaintiff's Brief, p. 4, citing, Schiessle v. Stephens, 717 F.2d 417 (7th Cir. 1983); Cheng v. GAF Corp., 631 F.2d 1052 (2d Cir. 1980); INA Underwriters Inc. Co. v. Nalibotsky, 594 F.Supp. 1199 (E.D. Pa. 1984); Maritrans GP, Inc. v. pepper Hamilton & Scheetz, 529 Pa. 241, 602 A.2d 1277 (Pa. 1992)).

The Cheng decision cited by Plaintiff, 631 F.2d 1052, was vacated in its entirety by the United States Supreme Court in GAF Corp. v. Cheng, 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981), and subsequently dismissed on remand at Cheng v. GAF Corp., 659 F.2d 1058 (2nd

Cir. 1981). Furthermore, abrogation of the decision was recognized in Felix v. Balkin, 49 F.Supp.2d 260 (S.D.N.Y. 1999).

In the Nalibotsky decision of the U.S. District Court for the Eastern District of Pennsylvania, also cited by Plaintiff, the Court held, "I find no grounds for holding that Wolf, Block's current representation of Mr. Nalibotsky's adversary violates the rules of professional ethics adopted by this court. Accordingly, the motion to disqualify will be denied. Nalibotsky, 594 F.Supp. at 1210-1211. The Plaintiff represents to this Court that Nalibotsky supports his argument that "The majority of courts have ordered disqualification of law firms after addressing the issue of 'Chinese Walls' in the factual context despite screening efforts." (See, Plaintiff's Brief, p. 4). Nalibotsky, in fact, reaches the opposite conclusion.

Contrary to Plaintiff's position, most courts, including the Pennsylvania Supreme Court through its adoption of the Pennsylvania Rules of Professional Conduct, accepted that appropriate screening mechanisms can rebut the presumption of imputed disqualification. See, Rule 1.10(b)(1), the Pennsylvania Rules of Professional Conduct[3]; see also, Dworkin v. General Motors Corp., 906 F.Supp. 273 (E.D. Pa. 1995)

The Seventh Circuit's decision in Schiessle, cited by Plaintiff's bears some discussion. In that case, the Seventh Circuit wrote,

> [T]he district court must determine whether the presumption of shared confidences has been rebutted with respect to the present representation. In other words, the court must determine whether the knowledge of the "confidences and secrets" of the Swansons which King brought with him has been passed on to or is likely to be passed on to the members of the Ross firm. In LaSalle Nat. Bank [v. County of Lake], 703 F.2d at 259 [(7th Cir. 1983)] we held that the presumption of shared confidences could be rebutted by demonstrating that "specific institutional mechanisms" (e.g., "Chinese Walls") had been implemented to effectively insulate against any flow of confidential information from the "infected" attorney to any other member of his present firm.

---

[3] It should be noted that Rule 1.10 was adopted by the legislature on October 16, 1987.

Such a determination can be based on objective and verifiable evidence presented to the trial court and must be made on a case-by-case basis. Factors appropriate for consideration by the trial court might include, but are not limited to, the size and structural divisions of the law firm involved, the likelihood of contact between the "infected" attorney and the specific attorneys responsible for the present representation, the existence of rules which prevent the "infected" attorney from access to relevant files or other information pertaining to the present litigation or which prevent him from sharing in the fees derived from such litigation. [citing LaSalle Nat. Bank, 703 F.2d at 259].

Schiessle, 717 F.2d at 421.

Even prior to the adoption of Rule 1.10, as it presently exists, the U.S. District Court for the Eastern District of Pennsylvania in INA Underwriters Insurance Company v. Rubin, 635 F.Supp. 1 (E.D. Pa. 1983) recognized that the doctrine of "imputed disqualification" is rebuttable in certain cases by a "Chinese Wall". 635 F.Supp. at 4. In Rubin, Senior Judge Lord recognized that the Third Circuit in United States v. Miller, 624 F.2d 1198 (3d Cir. 1980), left open the possibility of the use of a screening mechanism to avoid disqualification of an entire firm where an individual lawyer is disqualified. Id. Analyzing the Third Circuit's decision, Judge Lord concluded that the imputed knowledge presumption was rebuttable. Id., 635 F.Supp. at 5. With the adoption of Rule 1.10 (b)(1) in 1987, it is now conclusive that the imputed knowledge presumption is, in fact, rebuttable through screening.

In Dworkin, Chief Judge Cahn concluded, in circumstances similar to the instant matter, that the screening mechanisms employed by the law firm sought to be disqualified were sufficient to rebut the doctrine of imputed disqualification. 906 F.Supp at 279-280. In reaching its conclusion, the Dworkin Court considered the following factors, enumerated in a dissenting opinion of Chief Justice Nix in Maritrans GP, Inc.:

1. The substantiality of the relationship between the attorney and the former client
2. the time lapse between the matters in dispute
3. the size of the firm and the number of disqualified attorneys

4. the nature of the disqualified attorney's involvement

5. the timing of the wall

and, considered the following features of the wall:

1. the prohibition of discussion of sensitive matters

2. restricted circulation of sensitive documents

3. restricted access to files

4. strong firm policy against breach, including sanctions,

5. physical and/or geographical separation

Id., 906 F.Supp at 279-280 (citation omitted).

In Dworkin, the Court recognized that there was a substantial relationship between the attorney and the former client, there was a short time lapse between the matters in dispute, the firm sought to be disqualified was very small (4 to 5 attorneys), and the attorney sought to be disqualified had a significant managerial role in the conflicted files prior to joining the new firm. Id. The Court still concluded that the firm would not be disqualified because of a "comprehensive and timely" screening method which the Court was convinced was and would continue to be effective in protecting any information or confidences. Id., 906 F.Supp. at 280.

In this case, Sweet, Stevens, Tucker & Katz LLP has developed and employed a screening mechanism that should rebut the imputed knowledge presumption. (See, Affidavit of Charles N. Sweet, Esq., attached as Exhibit "D"; see Affidavit of Jason R. Wiley, attached as Exhibit "E"; see, Affidavit of Drew Christian, attached as Exhibit "F"). These screening mechanisms were established prior to Drew Christian's employment with the firm and continue through the present. (Id.). This firm has entirely isolated Drew Christian from this case. (Id.). The file has been color-coded and thereby unmistakably distinguishable from all other files in the office. (Id.). Every attorney in the firm and every legal assistant has been instructed that Mr. Christian is not to have any contact with the file or any materials related to it, and that no discussion of the case is to take place with Drew Christian or in his presence. (Id.). Upon

joining the firm, Mr. Christian was advised of the firm's policy and was instructed not to touch the files or discuss the cases with anyone in the firm. (<u>Id.</u>). Violation of the firm's policy is subject to strict punishment which could include termination. (<u>See</u>, Exhibit "D", ¶ "k"). Drew Christian and Jason Wiley work in separate departments of the firm; they report to different supervisors; they work on separate floors; the firm has fifteen (15) members and four (4) distinct departments. (<u>See</u>, Exhibits "E" and "F"). In fact, attorney Wiley and attorney Christian have not discussed any cases. (<u>Id.</u>). All of Jason Wiley's files, including this one, are maintained in his own office and are not accessible to anyone other than the supervising partner, Ellis H. Katz and two legal assistants, Carrie Johnson Scary and Carol J. Searles. (See, Exhibit "E"). Both attorney Wiley and attorney Christian affirm that they have complied with the firms screening policy and they will continue to comply. (See, Exhibits "E" and "F"). Finally, attorney Christian is apportioned no part of the fee from this firm's representation of the District and Thomas Brackbill in this matter. (See, Exhibits "D", "E" and "F").

Furthermore, the Defendants submit that they would suffer severe prejudice by the disqualification of Sweet, Stevens, Tucker & Katz LLP. (See, Affidavit of Dr. Shirley Curl, attached as Exhibit "G"). Dr. Curl indicates that the Solanco School District has been represented in over sixteen (16) cases by Sweet, Stevens, Tucker & Katz LLP, since 1996. (<u>Id.</u>). She recognizes that the firm only represents school districts and only practices in the area of education law. (<u>Id.</u>). She further affirms that she is aware of no other firm that is similarly specialized. (<u>Id.</u>). Furthermore, the firm has particular experience in defending special education cases, such as this one. (<u>Id.</u>). This Court should consider "the policies of respecting a litigant's right to retain counsel of choice and of enabling attorneys to practice without excessive restrictions." <u>Rubin</u>, 635 F.Supp. at 5-6.

The Comment to Rule 1.10 provides that,

> The fiction that the law firm is the same as a single lawyer is no longer wholly realistic...the rule of disqualification should not be so broadly cast as to preclude other persons from having reasonable choice of legal counsel...the rule of disqualification should not unreasonably hamper lawyers from forming new associations and taking on new clients after having left a previous association...If the concept of imputed disqualification were defined with unqualified rigor, the result would be radical curtailment of the opportunity of lawyers to move from one practice setting to another and of the opportunity of clients to change counsel.

See, Comments to Rule 1.10, Pennsylvania Rules of Professional Conduct.

The Defendants, Solanco School District and Thomas Brackbill, submit that the screening mechanism and procedures established by Sweet, Stevens, Tucker & Katz LLP, will prevent violation of the Pennsylvania Rules of Professional Conduct and are sufficient to rebut the presumption of imputed disqualification. Additionally, the District and Mr. Brackbill would suffer severe prejudice by the disqualification of Sweet, Stevens, Tucker & Katz LLP from this case.

### III.    Conclusion

The Defendants, Solanco School District and Thomas E. Brackbill, respectfully request that Plaintiff's Motion to Disqualify Sweet, Stevens, Tucker & Katz LLP as Counsel for the Defendants, Solanco School District and Thomas E. Brackbill be denied and dismissed.

Respectfully submitted,

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: <u>December 6, 2001</u>                     By:_____

Jason R. Wiley, Esquire, Atty. I.D. # 79874
331 Butler Avenue/P. O. Box 5069
New Britain, Pennsylvania 18901
(215) 345-9111

Attorneys for Defendants, Solanco School District
and Thomas E. Brackbill

RECYCLED

Web PACER (v2.3)
Docket as of November 26, 2001 7:16 pm                    Page 1

Proceedings include all events.                                        ATYADM
1:01cv328 J.L., et al v. PA Dept. of Educatio, et al                   HBG

                                                        ATYADM HBG

                        U.S. District Court
            Middle District of Pennsylvania (Harrisburg)

                CIVIL DOCKET FOR CASE #: 01-CV-328


J.L., et al v. PA Dept. of Educatio, et al            Filed: 02/22/01
Assigned to: Judge Yvette Kane                 Jury demand: Plaintiff
Demand: $0,000 42043                           Nature of Suit:  440
Lead Docket: None                              Jurisdiction: Federal Question
Dkt# in other court: None


Cause: 20:1400 Civil Rights of Handicapped Child


J.L., a minor by and through          Philip Matthew Stinson, Sr.
his guardian and next friend          [COR LD NTC]
      plaintiff                       Stinson Law Associates, P.C.
                                      17 Weirwood Road.
                                      P.O. Box 1340
                                      Bryn Mar, PA 19010-7340
                                      610-519-0390

                                      Drew Christian
                                      [COR LD NTC]
                                      Stinson Law Associates, P.C.
                                      17 Weirwood Road
                                      P.O. Box 1340
                                      Bryn Mawr, PA 19010
                                      (610) 688-7300


S.L.                                  Philip Matthew Stinson, Sr.
      plaintiff                       (See above)
                                      [COR LD NTC]

                                      Drew Christian
                                      (See above)
                                      [COR LD NTC]


      v.


PENNSYLVANIA DEPT. OF
EDUCATION
      defendant


EUGENE W. HICKOK, JR.,
Secretary of Education,
Pennsylvania Department of
Education

Docket as of November 26, 2001 7:16 pm                  Page 2

Proceedings include all events.                              ATYADM
1:01cv328 J.L., et al v. PA Dept. of Educatio, et al         HBG

     defendant


| LAMPETER-STRASBURG SCHOOL DISTRICT<br>    defendant | Robert M. Frankhouser, Jr.<br>[COR LD NTC]<br>Hartman, Underhill & Brubaker<br>221 E. Chestnut St.<br>Lancaster, PA 17602-2705<br>717-299-7254 |
|---|---|
| DONNA WERT, Teacher, Lebanon-Lancaster Intermediate Unit #13, Assigned to Solanco School District<br>    defendant | Robert M. Frankhouser, Jr.<br>(See above)<br>[COR LD NTC] |
| SOLANCO SCHOOL DISTRICT<br>    defendant | Timothy James Huber<br>[COR LD NTC]<br>Davis, Katz, Buzgon, Davis, Reed & Charles, Ltd.<br>525 S. 8th St.<br>P.O. Box 49<br>Lebanon, PA 17042<br>717-274-1421<br><br>Ellis Howard Katz<br>215-348-5862<br>[COR LD NTC]<br>Sweet, Stevens, Tucker, & Katz, LLP<br>P.O. Box 5069<br>331 Butler Ave<br>New Britain, PA 18901<br>215-348-5862<br><br>Jason R. Wiley<br>[COR LD NTC]<br>331 Butler Avenue<br>P.O. Box 5069<br>New Britain, PA 18901<br>215-345-9111 |
| THOMAS E. BRACKBILL, Principal, Solanco School District<br>    defendant | Timothy James Huber<br>(See above)<br>[COR LD NTC]<br><br>Ellis Howard Katz<br>(See above)<br>[COR LD NTC]<br><br>Jason R. Wiley |

Docket as of November 26, 2001 7:16 pm                 Page 3

Proceedings include all events.                                    ATYADM
1:01cv328 J.L., et al v. PA Dept. of Educatio, et al               HBG

                              (See above)
                              [COR LD NTC]


LANCASTER-LEBANON INTERMEDIATE    Robert M. Frankhouser, Jr.
UNIT 13                           (See above)
        defendant                 [COR LD NTC]


HUMAN SERVICES CONSULTANTS INC    Edward J. Cermanski
        defendant                 [COR LD NTC]
                                  401 Penn Street
                                  Suite 100
                                  Reading, PA 19601
                                  610-320-4663


JANELLE SWEIGART, Therapeutic     Edward J. Cermanski
Support Staff, Human Services     (See above)
Consultants                       [COR LD NTC]
        defendant


=========================


HUMAN SERVICES CONSULTANTS INC    Edward J. Cermanski
        cross-claimant            [COR LD NTC]
                                  401 Penn Street
                                  Suite 100
                                  Reading, PA 19601
                                  610-320-4663


HUMAN SERVICES CONSULTANTS INC    Edward J. Cermanski
        cross-claimant            (See above)
                                  [COR LD NTC]


JANELLE SWEIGART                  Edward J. Cermanski
        cross-claimant            (See above)
                                  [COR LD NTC]


JANELLE SWEIGART                  Edward J. Cermanski
        cross-claimant            (See above)
                                  [COR LD NTC]


-------------------------


PENNSYLVANIA DEPT. OF

EDUCATION

Docket as of November 26, 2001 7:16 pm                    Page 4

Proceedings include all events.                                          ATYADM
1:01cv328 J.L., et al v. PA Dept. of Educatio, et al                     HBG

    cross-defendant


PENNSYLVANIA DEPT. OF
EDUCATION
    cross-defendant


EUGENE W. HICKOK, JR.
    cross-defendant


EUGENE W. HICKOK, JR.
    cross-defendant


LAMPETER-STRASBURG SCHOOL          Robert M. Frankhouser, Jr.
DISTRICT                           [COR LD NTC]
    cross-defendant               Hartman, Underhill & Brubaker
                                   221 E. Chestnut St.
                                   Lancaster, PA 17602-2705
                                   717-299-7254


LAMPETER-STRASBURG SCHOOL          Robert M. Frankhouser, Jr.
DISTRICT                           (See above)
    cross-defendant               [COR LD NTC]


DONNA WERT                         Robert M. Frankhouser, Jr.
    cross-defendant               (See above)
                                   [COR LD NTC]


DONNA WERT                         Robert M. Frankhouser, Jr.
    cross-defendant               (See above)
                                   [COR LD NTC]


SOLANCO SCHOOL DISTRICT            Timothy James Huber
    cross-defendant               [COR LD NTC]
                                   Davis, Katz, Buzgon, Davis,
                                   Reed & Charles, Ltd.
                                   525 S. 8th St.
                                   P.O. Box 49
                                   Lebanon, PA 17042
                                   717-274-1421

                                   Ellis Howard Katz
                                   215-348-5862
                                   [COR LD NTC]
                                   Sweet, Stevens, Tucker, & Katz,

LLP
P.O. Box 5069


Docket as of November 26, 2001 7:16 pm                 Page 5

Proceedings include all events.                                    ATYADM
1:01cv328 J.L., et al v. PA Dept. of Educatio, et al               HBG

                                    331 Butler Ave
                                    New Britain, PA 18901
                                    215-348-5862


SOLANCO SCHOOL DISTRICT              Timothy James Huber
     cross-defendant                 (See above)
                                     [COR LD NTC]

                                     Ellis Howard Katz
                                     (See above)
                                     [COR LD NTC]


THOMAS E. BRACKBILL                  Timothy James Huber
     cross-defendant                 (See above)
                                     [COR LD NTC]

                                     Ellis Howard Katz
                                     (See above)
                                     [COR LD NTC]


THOMAS E. BRACKBILL                  Timothy James Huber
     cross-defendant                 (See above)
                                     [COR LD NTC]

                                     Ellis Howard Katz
                                     (See above)
                                     [COR LD NTC]


LANCASTER-LEBANON INTERMEDIATE       Robert M. Frankhouser, Jr.
UNIT 13                              (See above)
     cross-defendant                 [COR LD NTC]


LANCASTER-LEBANON INTERMEDIATE       Robert M. Frankhouser, Jr.
UNIT 13                              (See above)
     cross-defendant                 [COR LD NTC]



Docket as of November 26, 2001 7:16 pm                 Page 6

Proceedings include all events.                                    ATYADM
1:01cv328 J.L., et al v. PA Dept. of Educatio, et al               HBG

2/22/01  1       COMPLAINT - N/C to cnsl. Jury trial demanded.  Receipt #:
                 111 133333  Amt: $150.00 (sc) [Entry date 02/23/01]

2/22/01  --      SUMMONS ISSUED as to all defendants. (sc)
                 [Entry date 02/23/01]

2/23/01  --      SPECIAL ADMISSION FORM sent to attorneys: P.M. Stinson & D.
                 Christian. (sc) [Entry date 02/23/01]

3/6/01   2       LETTER to counsel from J. Kane dtd. 2/26/01 regarding case
                 assignment and procedure.  cc: ct,cnsl (pm)
                 [Entry date 03/07/01]

5/4/01   3       ENTRY OF ATTORNEY APPEARANCE for defendant Solanco School
                 Distr, defendant Thomas E. Brackbill by atty Ellis Howard
                 Katz with Cert of Service. (ao) [Entry date 05/07/01]

5/14/01  4       ENTRY OF ATTORNEY APPEARANCE for defendant Solanco School
                 Distr, defendant Thomas E. Brackbill by atty Timothy James
                 Huber with Cert of Service. (ao) [Entry date 05/15/01]

6/28/01  5       ENTRY OF ATTORNEY APPEARANCE for defendant
                 Lampeter-Strasburg S, defendant Donna Wert, defendant
                 Lancaster-Lebanon In by atty Robert M. Frankhouser Jr. with
                 Cert of Service. (ao) [Entry date 06/29/01]

6/29/01  6       RETURN OF SERVICE by personal srvice executed upon defts
                 Lampeter-Strasburg School District, Donna Wert,
                 Lancaster-Lebanon Intermediate, Human Services Consultants,
                 Janelle Sweigart 6/21/01. (pm) [Entry date 07/02/01]

7/11/01  7       ANSWER to complaint and CROSSCLAIM by dfts Human Services
                 Consultants, Janelle Sweigart; against all dfts PA Dept. of
                 Education, Eugene W. Hickok Jr., Lampeter-Strasburg School
                 District, Donna Wert, Solanco School District, Thomas E.
                 Brackbill, Lancaster-Lebanon Intermediate Unit 13i; Notice
                 to Plead; C/S. (vg) [Entry date 07/12/01]

7/13/01  8       ANSWER by defendant Donna Wert, defendant Lancaster-Lebanon
                 Intermediate Unit No. 13 with Cert of Service. (ao)
                 [Entry date 07/13/01]

7/13/01  9       ANSWER by defendant Lampeter-Strasburg School Dist with
                 Cert of Service. (ao) [Entry date 07/13/01]

8/10/01  10      ANSWER with AFFIRMATIVE DEFENSES by defendant Solanco
                 School Distr, defendant Thomas E. Brackbill with Cert of
                 Service. (ao) [Entry date 08/10/01]

8/13/01  11      ANSWER by defendant Lampeter-Strasburg School District to
                 CROSSCLAIM of Human Services Consultants and Janelle
                 Sweigart [7-1]; with c/s. (sc) [Entry date 08/14/01]


Docket as of November 26, 2001 7:16 pm          Page 7

Proceedings include all events.                          ATYADM
1:01cv328 J.L., et al v. PA Dept. of Educatio, et al      HBG

8/13/01  12      ANSWER by Lancaster-Lebanon Intermediate Unit 13 and Donna
                 Wert to CROSSCLAIM of Human Services Consultants and Janell
                 Sweigart [7-1]; with c/s. (sc) [Entry date 08/14/01]

```
10/30/01  13    ORDER  by Judge Yvette Kane Scheduling conf set for 10:00
                a.m. on 11/20/01 (cc: all counsel, court) (jk)
                [Entry date 10/31/01]

11/16/01  14    CASE MANAGEMENT FORM returned by cnsl. (jh)
                [Entry date 11/19/01]

11/20/01  15    MOTION by plaintiffs  to  disqualify Sweet, Stevens,
                Tucker and Katz, LLP as cnsl for defts Solanco School
                District & T. Brackbill.; C/S (pm) [Entry date 11/21/01]

11/20/01  15    BRIEF by plaintiff IN SUPPORT of motion  to  disqualify
                Sweet, Stevens, Tucker and Katz, LLP as cnsl for defts
                Solanco School District & T. Brackbill. [15-1]  C/S. (jk)
                [Entry date 11/26/01]

11/21/01  16    ORDER by Judge Yvette Kane Cancelling CMC set for 11/19/01
                 IT IS FURTHER ORDERED THAT: 1)Plaintiff shall file any
                motions for change of venue or to disqualify counsel with
                the Clerk of Court no later than Friday, 11/23/01. 2)Dfts
                have until the close of business on Friday, 12/7/01 to file
                a brief in opposition to any such motion. See order for
                further details. (cc: all counsel, court) (jk)
                [Entry date 11/21/01]

[END OF DOCKET: 1:01cv328]
-------------------------------------------------------------------------
                        PACER Service Center
                        Transaction Receipt

                        12/03/2001 10:01:49

PACER Login:  ss0461       Client Code:  324.41
Description:  docket report   Search Criteria:  1:01cv00328
Billable Pages:      7  Cost:   0.49
-------------------------------------------------------------------------
```

RECYCLED ♻

# STINSON LAW ASSOCIATES, P.C.
## ATTORNEYS & COUNSELORS AT LAW

UNIVERSITY TECHNOLOGY PARK
SUITE 200
1450 EDGMONT AVENUE
CHESTER, PENNSYLVANIA
19013-3920

PHILIP MATTHEW STINSON, SR. ‡
E-MAIL STINSON@STINSON-LAW.COM

‡ MEMBER, PENNSYLVANIA BAR

P.O. BOX 1340
BRYN MAWR, PA 19010-7340

SUITE 770
ONE COMMERCE CENTER
1201 NORTH ORANGE STREET
WILMINGTON, DE 19801-1186

(610) 499-9280
FAX (610) 499-9282
WWW.STINSON-LAW.COM

REPLY TO CHESTER OFFICE

November 18, 2001

**VIA U.S. MAIL & FAX**
The Honorable Yvette Kane
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, Pennsylvania

Re:    **J.L. v. Lampeter-Strasburg School District, Et al.**
          **Civil Action No. 1:CV 01-0328 (Kane)**

Dear Judge Kane:

Drew Christian, Esq., who is listed in this case as plaintiff's co-counsel of record, left my law firm in May, 2001. Mr. Christian conducted all of the pre-filing investigation and fact-finding and drafted the Complaint. It was recently brought to my attention that Mr. Christian is now an associate at Sweet, Stevens, Tucker & Katz, LLP. The law firm of Sweet Stevens is counsel to defendants Solanco School District and Thomas E. Brackbill. As such, we will be filing a Motion to Disqualify the law firm of Sweet Stevens.

Also, please note that the plaintiff is not proceeding against named defendants Pennsylvania Department of Education and the Secretary of Education. As such, venue is appropriate in the Eastern District of Pennsylvania. Efforts to obtain a Stipulation from counsel for the remaining defendants to transfer the case to the United States District Court for the Eastern District of Pennsylvania have proven fruitless. As such, we will be filing a Motion to Transfer the Case for Reasons of Venue.

For these reasons, I respectfully request that the Conference scheduled for November 20, 2001, be postponed pending resolution of the aforementioned Motions, which will be filed this week with the Clerk of Court.

Very truly yours,

STINSON LAW ASSOCIATES, P.C.

By:  _____
       Philip Matthew Stinson, Sr.

cc:        Jason Wiley, Esq. - fax: (215) 345-1147
             Robert M. Frankhouser, Esq. - fax: (717) 299-3160
             Edward J. Cermanski, Esq. - fax: (610) 320-4767
             Timothy J. Huber, Esq. - fax: (717) 274-1752
             client

RECYCLED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**J.L.**, *a minor by and through his*
*guardian and next friend*, **S.L.**,                              :

:

            *Plaintiff*,                                            :

:

vs.                                                                :        Civil Action

:

**LAMPETER- STRASBURG SCHOOL**                                     :
**DISTRICT, DONNA WERT, SOLANCO**                                  :        No. 1:CV 01-0328
**SCHOOL DISTRICT, THOMAS E.**                                     :
**BRACKBILL, LANCASTER-LEBANON**                                   :
**INTERMEDIATE UNIT 13, HUMAN**                                    :
**SERVICES CONSULTANTS,** *and*                                    :
**JANELLE SWEIGART,**                                              :

:

            *Defendants.*                                          :

## PLAINTIFF'S MOTION TO DISQUALIFY
## SWEET, STEVENS, TUCKER & KATZ, LLP
## AS COUNSEL FOR DEFENDANTS
## SOLANCO SCHOOL DISTRICT & THOMAS E. BRACKBILL

Now comes Plaintiff, by and through undersigned counsel, Stinson Law

Associates, P.C., and moves this Court to disqualify counsel for defendants Solanco School

District and Thomas E. Brackbill pursuant to the provisions of Rule 1.10 of the Pennsylvania

Rules of Responsibility, and in support thereof, avers:

       1.      Drew Christian, Esq., is listed as co-counsel of record for the plaintiff.

       2.      Mr. Christian conducted the pre-filing investigation and drafted the

Complaint for the plaintiff.

       3.      On or about May 15, 2001, Mr. Christian left the employ of Stinson Law

Associates, P.C.

4.     Mr. Christian did not transition the file and did not execute nor file a withdrawal of appearance form with the Clerk of Court when he left the employ of Stinson Law Associates, P.C.

5.     Upon information and belief, Mr. Christian is now employed as an attorney at the law firm of Sweet Stevens Tucker & Katz, LLP.

6.     Jason Wiley, Esq., of Sweet Stevens Tucker & Katz, LLP, is counsel of record for defendants Solanco School District and Thomas E. Brackbill, together with Thomas J. Huber, Esq., of the law firm of Buzgon Davis, P.C.

7.     The representation of defendants Solanco School District and Thomas E. Brackbill is the same matter in which Mr. Christian previously represented the plaintiff (and is still listed as counsel of record with the Clerk of Court).

8.     During the course of his representation as plaintiff's co-counsel, Mr. Christian acquired information protected by Rules 1.6 and 1.9(b) of the Pennsylvania Rules of Professional Responsibility that is material to the case at Bar.

9.     The partners of Sweet Stevens Tucker & Katz, LLP, have refused to meet with undersigned counsel and have refused to enter into any written agreement to ensure that Mr. Christian is screened from participation in the matter, and, further, the law does not provide for the building of a "Chinese Wall" to insulate Mr. Christian and his new law firm from disqualification in this matter.

10.     Mr. Christian and Sweet Stevens Tucker & Katz, LLP, have failed to provide adequate written notice to enable plaintiff to ascertain compliance with the provisions of Rule 1.10 of the Pennsylvania Rules of Professional Responsibility.  To the contrary, Charles

Sweet, Esq., of Sweet Stevens Tucker & Katz, LLP, told undersigned counsel that it was the responsibility of Stinson Law Associates, P.C., to inform Sweet Stevens Tucker & Katz, LLP, of any cases whereby Stinson was concerned about confidential information in the possession of Mr. Christian.

11.    Upon information and belief, the interests of defendants Solanco School District and Thomas E. Brackbill will not be prejudiced by the disqualification of Sweet Stevens Tucker & Katz, LLP, from representation in this matter, as both defendants are also represented by another lawyer at another law firm in this matter: Timothy J. Huber, Esq., of Buzgon Davis, P.C.

12.    Plaintiff is prejudiced by the continued representation of defendants Solanco School District and Thomas E. Brackbill by Jason Wiley, Esq., at Sweet Stevens Tucker & Katz, LLP, because a lawyer at Sweet Stevens – Drew Christian, Esq. – is co-counsel of record for plaintiff and was formerly an associate at Stinson Law Associates, P.C.; conducted all of the pre-filing investigation and fact-finding in this case; drafted the Complaint; and, in the course thereof, acquired information protected by Rules 1.6 and 1.9(b) of the Pennsylvania Rules of Professional Responsibility that is material to the case at Bar.

13.    Plaintiff has not waived the conflict of interest caused by Mr. Christian.

14.    Plaintiff is entitled to reasonable attorney's fees from the law firm of Sweet Stevens Tucker & Katz, LLP, pursuant to 20 U.S.C. §1415(i)(3), 29 U.S.C. §794, 42 U.S.C. §1988, and 42 U.S.C. §12205.

WHEREFORE, plaintiff respectfully moves this Court to disqualify Jason Wiley, Esq., and the law firm of Sweet Stevens Tucker & Katz, LLP, from representation of any defendant in this case, as well as an Order requiring the law firm of Sweet Stevens Tucker & Katz, LLP, to pay the reasonable attorney's fees of plaintiff relating to this Motion.

Respectfully submitted,

**STINSON LAW ASSOCIATES, P.C.**

By: _____
Philip Matthew Stinson, Sr.
University Technology Park
1450 Edgmont Avenue, Suite 200
Chester, Pennsylvania 19013-3920
Telephone: (610) 499-9280
Fax: (610) 499-9282

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.L., *a minor by and through his*
*guardian and next friend,* S.L.,

   *Plaintiff,*

  vs.

LAMPETER- STRASBURG SCHOOL
DISTRICT, DONNA WERT, SOLANCO
SCHOOL DISTRICT, THOMAS E.
BRACKBILL, LANCASTER-LEBANON
INTERMEDIATE UNIT 13, HUMAN
SERVICES CONSULTANTS, *and*
JANELLE SWEIGART,

   *Defendants.*

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action

No. 1:CV 01-0328

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY SWEET, STEVENS, TUCKER & KATZ, LLP AS COUNSEL FOR DEFENDANTS SOLANCO SCHOOL DISTRICT & THOMAS E. BRACKBILL

### Introduction

  The Plaintiff's Motion to Disqualify the law firm of Sweet Stevens Tucker & Katz, LLP, as counsel for the defendants Solanco School District and Thomas E. Brackbill is filed because the lawyer – Drew Christian, Esq. – who is co-counsel of record for the plaintiff through his former employment as an associate at Stinson Law Associates, P.C., who conducted the pre-filing fact-finding investigation, and who drafted the Complaint, is now employed as an associate at the law firm of Sweet Stevens Tucker & Katz, LLP.

### Standard for a Motion to Disqualify

Federal courts have the inherent power to supervise the conduct of attorneys practicing before them. *See* In re Cord Derivatives Antitrust Litig., 748 F.2d 157, 160 (3ᵈ Cir. 1984). Counsel may be disqualified if the Court determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule, given the ends that the disciplinary rule is designed to serve. United States v. Miller, 624 F.2d 1198, 1201 (3ʳᵈ Cir. 1980).

In determining whether disqualification is appropriate, the Court must also consider countervailing policies, such as permitting a litigant to retain his chosen counsel and enabling attorneys to practice without excessive restrictions. *Id.* The party seeking disqualification bears the burden of showing that the representation is impermissible. In re Rite Aid Corp. Sec. Litig., 139 F. Supp. 2d 649, 656 (E.D. Pa. 2001). Any doubts regarding the existence of a violation of an ethical rule should be construed in favor of disqualification. *See* International Bus. Mach. Corp. v. Levin, 579 F.2d 271, 283 (3ᵈ Cir. 1978); In re Rite Aid Corp., 139 F. Supp. 2d at 656; Reading Anthracite Co. v. Lehigh Coal & Navig. Co., 771 F. Supp. 113, 115 (E.D. Pa. 1991).

### Argument

I.   **The law firm of Sweet Stevens Tucker & Katz, LLP, must be disqualified pursuant to Rule 1.10 of the Pennsylvania Rules of Professional Responsibility because they have a conflict pursuant to Rule 1.9.**

An analysis of a potential violation of Rule 1.9(a) focuses on whether the prior and present matters are substantially related, whether the clients have material adverse interests, and

whether the clients consent after consultation. *See* United States v. Moscony, 927 F.2d 742, 749

(3d Cir. 1991); James v. Teleflex, Inc., 1999 WL 98559, at *3 (E.D. Pa. February 24, 1999). In

determining the presence of a "substantial relationship," a court should consider the following

three factors: (1) the nature of the present lawsuit against the former client; (2) the nature and

scope of the prior representation at issue; and (3) whether in the course of the prior

representation, the client might have disclosed to its attorney confidences which could be relevant

or possibly detrimental to the former client in the present action. *See* Brennan v. Independence

Blue Cross, 949 F. Supp. 305, 308 (E.D. Pa. 1996); Henry v. Delaware River Joint Toll Bridge

Commission, 2001 WL 1003224 (E.D. Pa. August 24, 2001).

 In this action, Mr. Christian's law firm represents two defendants in the same

action that Mr. Christian previously represented the plaintiff. Mr Christian conducted the pre-

filing fact-finding investigation and drafted the Complaint. Clearly, as the lead attorney

responsible for preparing the case for filing in Federal Court, Mr. Christian might be in possession

of client confidences of the plaintiff which could be relevant or possibly detrimental to the

plaintiff.

 **II. Drew Christian, Esq., and the law firm of Sweet Stevens Tucker & Katz, LLP, cannot escape the conflict of interest and violation of the Pennsylvania Rules of Professional Responsibility by erecting a "Chinese Wall" at their law firm.**

 Charles Sweet, Esq. and Jane Williams, Esq., of Sweet Stevens Tucker & Katz,

LLP, have told undersigned counsel that they are invoking a screening procedure to ensure that

the confidences of clients of Stinson Law Associates, P.C., are not breached by Drew Christian,

Esq., a former associate at Stinson Law Associates, and now an associate at Sweet Stevens, but

have refused and otherwise declined to explain the precise screening procedures invoked at Sweet Stevens, suggesting that it is "not Stinson's business." Such screening measures have been referred to by many courts as a "Chinese Wall." *See* Note, "The Chinese Wall Defense to Law Firm Disqualification," 128 U. Penn. L. Rev. 677 (1980). The majority of courts have ordered disqualification of law firms after addressing the issue of "Chinese Walls" in the factual context despite screening efforts. *E.g.*, <u>Schiessle v. Stephens</u>, 717 F.2d 417 (7th Cir. 1983)<u>, Cheng v. GAF Corp.</u>, 631 F.2d 1052 (2d Cir. 1980); <u>INA Underwriters Ins. Co. v. Nalibotsky</u>, 594 F. Supp. 1199 (E.D. Pa. 1984); Maritrans GP, Inc. v. Pepper Hamilton & Scheetz, 529 Pa. 241, 602 A.2d 1277 (Pa. 1992) (Flaherty, dissenting) ("The so-called 'Chinese Wall' defense is fraught with problems and, I strongly believe, should be scrutinized closely by the courts.")

## Conclusion

For the reasons stated herein and in the Motion to Disqualify Sweet Stevens Tucker & Katz, LLP, plaintiff moves this Court to disqualify Jason Wiley, Esq., and the law firm of Sweet Stevens Tucker & Katz, LLP as counsel for any defendant in this case, and to award reasonable attorney's fees.

Respectfully submitted,

**STINSON LAW ASSOCIATES, P.C.**

By: _____
Philip Matthew Stinson, Sr.
University Technology Park
1450 Edgmont Avenue, Suite 200
Chester, Pennsylvania 19013-3920
Telephone: (610) 499-9280
Fax: (610) 499-9282

*Attorneys for Plaintiff*

Page 5

## CERTIFICATE OF SERVICE

I, Philip Matthew Stinson, Sr., hereby certify that on this 19th day of November, 2001, I caused to be served a true and correct copy of the foregoing Motion to Disqualify Sweet, Stevens, Tucker & Katz, LLP, as Counsel for Defendants, by First Class U.S. Mail, postage prepaid, and fax (where indicated) on the following:

Jason Wiley, Esq.
Sweet Stevens Tucker & Katz, LLP
331 Butler Avenue
P.O. Box 5069
New Britain, Pennsylvania 18901
fax: (215) 348-1147

Robert M. Frankhouser, Jr., Esq.
Hartman Underhill & Brubaker, LLP
221 East Chestnut Street
Lancaster, Pennsylvania 17602-2782
fax: (717) 299-3160

Edward J. Cermanski, Esq.
Law Offices of Ralph F. Touch
400 Penn Street, Suite 100
Reading, Pennsylvania 19601
fax: (610) 320-4767

Timothy J. Huber, Esq.
Buzgon Davis, P.C.
525 South Eighth Street
P.O. Box 49
Lebanon, Pennsylvania 17042
fax: (717) 274-1752

Philip Matthew Stinson, Sr.

RECYCLED

## AFFIDAVIT OF CHARLES N. SWEET, ESQUIRE

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : |
| | : ss |
| **COUNTY OF BUCKS** | : |

     I, Charles N. Sweet, being duly sworn according to law depose and say as follows:

(a)    I am a partner in the law firm Sweet, Stevens, Tucker & Katz LLP;

(b)    on October 28, 2001, this firm hired Drew Christian;

(c)    Drew Christian was an associate of the Stinson Law Associates, P.C. from February 2000 until May 2001;

(d)    prior to Drew Christian's engagement with Sweet, Stevens, Tucker & Katz LLP, and continuing to the present, the firm has taken certain measures and established certain procedures within the firm to isolate Drew Christian from any files or cases involving the Stinson firm that were in existence at the time Drew Christian worked there and this case is subject to the firms procedures;

(e)    specifically, the firm management obtained a list of all cases in the office that currently or previously involved the Stinson Law Associates, whether or not Mr. Christian had been involved in the case;

(f)    each of those case files has been color coded so as to distinguish them unmistakably from all other office files;

(g)    the attorneys handling one or more of these files have been instructed that Mr. Christian is not to have any contact with the file or any materials related to it, and that no discussion of the case is to take place with Drew Christian or in his presence;

(h)    the firm's legal assistants and all support staff have been similarly instructed about those files and cases;

(i)    upon his joining the firm, Mr. Christian was immediately told about the firm's policy of avoiding any appearance of impropriety with respect to the Rules of Professional Conduct, and was instructed that he was not to touch any of the marked files or discuss any of the cases upon which he or other Stinson attorneys had worked with any lawyer or other employee of Sweet, Stevens, Tucker & Katz LLP;

(j)    Mr. Christian is a salaried employee, he will not be apportioned any part of any fee from such cases;

(k)    this firm has consistently maintained a strong policy against any violation of the ethical standards of the legal profession and every associate is advised that such a violation in this instance or in any other would be subject to appropriate punishment which could include termination;

(l)    this firm has taken all necessary steps to ensure that the potential for prejudicial misuse of confidences and secrets is nonexistent.


_____

CHARLES N. SWEET


Sworn to and subscribed

before me this _5th_ day

of December, 2001.


Notary Public

```
Notarial Seal
Carol J. Dengler, Notary Public
New Britain Boro, Bucks County
My Commission Expires June 29, 2003
Member, Pennsylvania Association of Notaries
```

RECYCLED

## AFFIDAVIT OF JASON R. WILEY, ESQUIRE

**COMMONWEALTH OF PENNSYLVANIA** :
                                    : ss
**COUNTY OF BUCKS**                 :

I, Jason R. Wiley, Esquire, being duly sworn according to law depose and say as follows:

(a)    I am an associate with the law firm Sweet, Stevens, Tucker & Katz LLP;

(b)    I am a member in good standing of the bar of the Supreme Court of Pennsylvania, admitted to  practice in the United States District Court for the Middle District of Pennsylvania;

(c)    I am attorney of record for the Solanco School District and Thomas E. Brackbill in the matter of <u>J.L., a minor by and through his guardian and next friend, S.L. v.  v. Lampeter-Strassburg School District, Donna Wert, Solanco School District, Thomas E. Brackbill, Lancaster-Lebanon Intermediate Unit No. 13, Human Services Consultants, and Janelle Sweigart</u>, Civil Action No. 1:CV 01-0328 in the United States District Court for the Middle District of Pennsylvania (hereinafter <u>J.L. v. Solanco School District, *et al.*</u>);

(d)    the Complaint in <u>J.L. v. Solanco School District, *et al.*</u> was filed on February 22, 2001 (See, Docket Entry No. 1);

(e)    the Complaint is signed by Philip Mathew Stinson, Sr. and Drew Christian as attorneys for the Plaintiff;

(f)    Drew Christian was an associate of the Stinson Law Associates, P.C. from February 2000 until May 2001;

(g)    on October 28, 2001, Drew Christian became an associate of Sweet, Stevens, Tucker & Katz LLP;

(h)    at no time, from the date this case was filed on February 22, 2001 until the present, have I ever spoken to Drew Christian about this case;

(i)    Sweet, Stevens, Tucker & Katz LLP, has taken certain measures and established certain procedures within the firm to isolate Drew Christian from any files or cases involving the Stinson firm that were in existence at the time Drew Christian worked there and this case is subject to the firms procedures;

(j)    specifically, the firm management obtained a list of all cases in the office that currently or previously involved the Stinson Law Associates, whether or not Mr. Christian had been involved in the case;

(k)     each of those case files has been color coded so as to distinguish them unmistakably from all other office files;

(l)     the attorneys handling one or more of these files have been instructed that Mr. Christian is not to have any contact with the file or any materials related to it, and that no discussion of the case is to take place with Drew Christian or in his presence;

(m)     the firm's legal assistants and all support staff have been similarly instructed about those files and cases;

(n)     I have been advised that, upon his joining the firm, Mr. Christian was immediately told about the firm's policy of avoiding any appearance of impropriety with respect to the Rules of Professional Conduct and was instructed that he was not to touch any of the marked files or discuss any of the cases upon which he or other Stinson attorneys had worked with any lawyer or other employee of Sweet, Stevens, Tucker & Katz LLP;

(o)     I have been advised that because Mr. Christian is a salaried employee, he will not be apportioned any part of any fee from such cases;

(p)     Sweet, Stevens, Tucker & Katz LLP, consists of fifteen (15) attorneys and four (4) distinct department; I work in a different department of Sweet, Stevens, Tucker & Katz LLP, than Drew Christian; we are supervised by, and report to different attorneys; our offices are on separate floors; I am not working with Drew Christian on any case; nor have I had any contact with Drew Christian regarding any of my files;

(q)     all of my files, including this one, are maintained in my own office; access to my files is limited to my direct supervisor, Ellis H. Katz and my legal assistants, Carrie Johnson Scary and Carol J. Searles;

(r)     I intend to fully comply with the policies and procedures established by my firm and ensure that I do not violate the ethical standards of the legal profession; and,

(s)     I believe that the potential for prejudicial misuse of confidences and secrets is nonexistent.

_____
JASON R. WILEY

Sworn to and subscribed

before me this _5_ᵗʰ day

of December, 2001.

Notary Public

Notarial Seal
Carol J. Dengler, Notary Public
New Britain Boro, Bucks County
My Commission Expires June 29, 2003
Member, Pennsylvania Association of Notaries

ALL-STATE LEGAL SUPPLY CO.  1-800-222-0510   EO-11

## AFFIDAVIT OF DREW CHRISTIAN, ESQUIRE

**COMMONWEALTH OF PENNSYLVANIA**   :
                                              : ss

**COUNTY OF BUCKS**                              :

I, Drew Christian, Esquire, being duly sworn according to law depose and say as follows:

(a)      I am an associate with the law firm Sweet, Stevens, Tucker & Katz LLP;

(b)      I was formerly a law clerk and later an associate of the Stinson Law Associates, P.C. from February 2000 until May 2001;

(c)      from August 2001 until October 2001 I was an associate of the law firm, King, Spry, Herman, Freund & Faul;

(d)      from October 28, 2001 until present I have been an associate of Sweet, Stevens, Tucker & Katz LLP;

(e)      while I was employed by Stinson Law Associates, P.C., I became attorney of record along with Phillip Mathew Stinson, Esquire, for the Plaintiff in the matter of <u>J.L., a minor by and through his guardian and next friend, S.L. v. v. Lampeter-Strassburg School District, Donna Wert, Solanco School District, Thomas E. Brackbill, Lancaster-Lebanon Intermediate Unit No. 13, Human Services Consultants, and Janelle Sweigart,</u> Civil Action No. 1:CV 01-0328 in the United States District Court for the Middle District of Pennsylvania (hereinafter <u>J.L. v. Solanco School District, et al.</u>);

(f)      I have submitted a Withdrawal of Appearance as attorney of record for the Plaintiffs in <u>J.L. v. Solanco School District, et al</u> to the U.S.D.C. for the Middle District of Pennsylvania;

(g)      I am aware that Jason R. Wiley, Esquire, is the attorney of record for the Defendants, Solanco School District and Thomas E. Brackbill, in <u>J.L. v. Solanco School District, et al.</u>;

(h)      at no time, from the date the case was filed on February 22, 2001 until the present, have I ever spoken to Jason Wiley about this case;

(i)      I have been advised that Sweet, Stevens, Tucker & Katz LLP has taken certain measures and established certain procedures within the firm to isolate me from any files or cases involving the Stinson firm that were in existence at the time I worked there, and this case is subject to the firm's procedures;

(j)    specifically, I have been advised that the firm management obtained a list of all cases in the office that currently or previously involved the Stinson Law Associates, whether or not I had been involved in the case;

(k)    each of those case files has been color coded so as to distinguish them unmistakably from all other office files;

(l)    I have been advised that the attorneys handling one or more of these files have been instructed that I am not to have any contact with the file or any materials related to it, and that no discussion of the case is to take place with me or in his/her presence;

(m)    upon joining Sweet, Stevens, Tucker & Katz LLP, I was told about the firm's policy of avoiding any appearance of impropriety with respect to the Rules of Professional Conduct, and was instructed that I was not to touch any of the marked files or discuss any of the cases upon which I or other Stinson attorneys had worked with any lawyer or other employee of Sweet, Stevens, Tucker & Katz LLP;

(n)    because I am a salaried employee, I will not be apportioned any part of any fee from such cases;

(o)    I work in a different department of Sweet, Stevens, Tucker & Katz LLP, than Jason Wiley; we are supervised by, and report to different attorneys; our offices are on separate floors; I am not working with Jason Wiley on any case; nor have I had any contact with Jason Wiley regarding any of his or my files;

(p)    I intend to fully comply with the policies and procedures established by my firm and ensure that I do not violate the ethical standards of the legal profession; and,

(q)    I believe that the potential for prejudicial misuse of confidences and secrets is nonexistent.


_____
DREW CHRISTIAN


Sworn to and subscribed

before me this 5th day

of December 2001.


_____
Notary Public

Notarial Seal
Carol J. Dengler, Notary Public
Milford Town Bord, Bucks County
My Commission Expires June 16, 2003
Member, Pennsylvania Association of Notaries

ALL-STATE LEGAL SUPPLY CO.,  1-800-222-0510    ED 11

## AFFIDAVIT OF SHIRLEY K. CURL, Ph.D.

**COMMONWEALTH OF PENNSYLVANIA**  :

**COUNTY OF BUCKS**  : ss
  :

       I, Dr. Shirley Curl, being duly sworn according to law depose and say as follows:

(a)    that I am the Director of Instructional Services for the Solanco School District;

(b)    since 1996 the Solanco School District has been represented by the law firm of Sweet, Stevens, Tucker & Katz LLP as special counsel in education related litigation;

(c)    the Solanco School District recognizes that Sweet, Stevens, Tucker & Katz LLP, specializes in education law and is a valuable resource in that complex area of law;

(d)    with specific regard to special education litigation, as is involved in this case, Sweet, Stevens, Tucker & Katz LLP, has represented and advised this School District in over 16 separate matters since 1996;

(e)    I have been advised that the Plaintiff's attorney, Phillip M. Stinson, Esquire, is seeking to disqualify Sweet, Stevens, Tucker & Katz LLP, because they now employ one of attorney Stinson's former associates which attorney Stinson claims had some involvement in this case;

(f)    It is my opinion that the Solanco School District would suffer severe prejudice if the law firm of Sweet, Stevens, Tucker & Katz LLP, was disqualified from representing the School District's interests in this case;

(g)     I know of no other law firm that specializes only in defending school districts and has a specific concentration on defending special education claims, such as those presented in this case;

(h)     special education cases are extremely complicated and require a high level of expertise which, in my experience, the attorneys at Sweet, Stevens, Tucker & Katz LLP possess.

*Shirley K. Curl*

Shirley K. Curl, Ph.D.

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.L., a minor by and through his guardian and next friend, S.L., c/o Stinson Law Associates, P.C. P.O. Box 1340 Bryn Mawr, Pennsylvania 19010-7340, | : : : : : : | **CIVIL ACTION** **NO. 01-CV-328** (Judge Kane) |

J.L., a minor by and through his
guardian and next friend,
S.L.,
c/o Stinson Law Associates, P.C.
P.O. Box 1340
Bryn Mawr, Pennsylvania 19010-7340,

        Plaintiffs,

        vs.

PENNSYLVANIA DEPARTMENT OF
EDUCATION; EUGENE W. HICKOK,
JR., Secretary of Education, Pennsylvania
Department of Education; LAMPETER-
STRASBURG SCHOOL DISTRICT;
DONNA WERT, Teacher, Lebanon-
Lancaster Intermediate Unit #13, Assigned
to Solanco School District; SOLANCO
SCHOOL DISTRICT; THOMAS E.
BRACKBILL, Principal, Solanco School
District; LANCASTER-LEBANON
INTERMEDIATE UNIT #13; HUMAN
SERVICES CONSULTANTS INC;
JANELLE SWEIGART, Therapeutic
Support Staff, Human Services
Consultants,

        Defendants.

**CIVIL ACTION**

**NO. 01-CV-328**

(Judge Kane)

## CERTIFICATE OF SERVICE

I, Jason R. Wiley, Esquire, hereby certify that a true and correct copy of the foregoing Answer and Brief in Opposition to Plaintiff's Motion to Disqualify Sweet, Stevens, Tucker & Katz LLP as counsel for Defendants, Solanco School District and Thomas E. Brackbill, was mailed to the following counsel at the following address, via U.S. Mail on this date:

Philip M. Stinson, Sr., Esquire
Stinson Law Associates
P.O. Box 1340
Bryn Mawr, PA 19010-7340

Robert M. Frankhouser, Jr.
Hartman, Underhill & Brubaker LLP
221 East Chestnut Street
Lancaster, Pennsylvania 17602-2782

Edward J. Cermanski, Esquire
401 Penn Street, Suite 100
Reading, PA 19601

Timothy J. Huber, Esquire
Buzgon Davis Law Offices
525 South 8th Street
PO Box 49
Lebanon, PA 17042

Date: <u>December 6, 2001</u>            By: _____
                                            Jason R. Wiley, Esquire
                                            331 Butler Avenue, P.O. Box 5069
                                            New Britain, Pennsylvania 18901
                                            (215) 345-9111
                                            Attorneys for Defendants,
                                            Solanco School District and
                                              Thomas E. Brackbill