IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.L., a minor by and through | : | |
| his guardian and next friend, S.L., | : | CIVIL ACTION NO. 1:CV-01-328 |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | (Judge Kane) |
| | : | |
| PENNSYLVANIA DEPT. OF | : | |
| EDUCATION, EUGENE W. | : | |
| HICKOK, JR., Secretary of Education, | : | **FILED** |
| LAMPETER-STRASBURG SCHOOL | : | HARRISBURG, PA |
| DISTRICT, DONNA WERT, | : | |
| THOMAS E. BRACKBILL, | : | JUL 19 2002 |
| LANCASTER-LEBANON | : | |
| INTERMEDIATE UNIT 13, HUMAN | : | MARY E. D'ANDREA, CLERK |
| SERVICES CONSULTANTS, INC., | : | Per _____ Deputy Clerk |
| and JANELLE SWEIGART, | : | |
| **Defendants.** | : | |

## ORDER

On May 28, 2002, this Court issued an order in the above-captioned case scheduling an

in-chambers conference for June 21, 2002, at 11:00 a.m. The order was delivered by certified

mail to Plaintiff's counsel, Philip Matthew Stinson, at the address supplied by Mr. Stinson to the

Court.[1]

_____

[1]Attorney Stinson's admission pro hac vice was approved by this Court on December 12,
2001. The address provided in the Petition for Special Admission, 1450 Edgmont Ave, Suite
200, Chester, PA 19013, remains Stinson's address of record with this Court, and the address to
which all Orders are sent. No change of address has been reported pursuant to Local Rule
83.11.1. Although the Clerk of Court routinely employs first class mail for orders, notice to
Attorney Stinson was sent by certified mail because of prior "confusion" regarding notice of
hearings to Attorney Stinson. The June 21, 2002 conference was originally scheduled for May
15, 2002. However, Attorney Stinson contacted the Clerk of Court after business hours on May
14, 2002, representing that he had received no notice of the conference and was unable to attend
the next day's hearing. The clerk notified other counsel of the need to continue the hearing due
to Attorney Stinson's lack of notice and unavailability. Some counsel received notice while en
route to Harrisburg from Philadelphia to attend the hearing, resulting in unnecessary expense and

S.L. and counsel for all other parties appeared as ordered on June 21, 2002. Attorney Stinson did not appear or request leave to be excused from appearing. The June 21, 2002 conference was scheduled at the request of Attorney Stinson, who represented to the Court and counsel that he believed that this action should properly be dismissed. However, Attorney Stinson represented that he questioned his client's (S.L.'s) capacity to make a decision because of her misuse of pain medications. At Attorney Stinson's request, the June 21, 2002 conference was scheduled so that the Court might inquire of S.L. and assess her capacity to appear as guardian and next friend for her minor child. On June 19, 2002, Attorney Stinson telephoned the Deputy Clerk of Court and advised that he would not appear at the June 21, 2002 conference, as a motion to withdraw the case without prejudice would be filed. The conference was not rescheduled. Instead, at the Court's direction, Court personnel left two messages for Attorney Stinson at the numbers provided by Attorney Stinson advising him that the conference was not cancelled, and that he was not excused from attendance. Attorney Stinson did not return these calls and did not appear as ordered. At the conference, S.L. informed the Court that Attorney Stinson's representations concerning her capacity and her desire to dismiss this action were false. Further, S.L. informed the Court that Attorney Stinson had not informed her of the scheduled conference or the requirement that she attend.

On June 24, 2002, the Court received a praecipe to discontinue the case, stating that "[the plaintiff hereby withdraws the Complaint against all defendants." The praecipe did not indicate that the withdrawal would be without prejudice, and thus it would be presumed to be with prejudice. Fed. R. Civ. P. 41. Further, the Court notes that the praecipe does not conform with the requirements of Fed. R. Civ. P. 41, in that it has not been signed by all parties who have

inconvenience.

appeared in the action.  Id.

Therefore, the Court hereby directs that the United States Attorney investigate whether sufficient cause exists for contempt proceedings against Philip Stinson pursuant to 18 U.S.C. §401 for false representations to the Court and for failure to comply with an order of the Court. The United States Attorney is **ORDERED** to report back to the Court on or before August 15, 2002 whether an Order to Show Cause should issue.

Yvette Kane
United States District Judge

Dated: July 18, 2002.